533 So.2d 939 (1988)
Cathy BATHURST, n/k/a Cathy Nathan, Petitioner,
v.
Honorable Jack M. TURNER, Circuit Court Judge of the Eleventh Judicial Circuit, in and for Dade County, Florida and Mark Bathurst, Respondents.
No. 88-1678.
District Court of Appeal of Florida, Third District.
November 22, 1988.
*940 Michael H. Wolf, Miami, for petitioner.
Fine, Jacobson, Schwartz, Nash, Block & England and Andrew L. Salvage, Miami, for respondents.
Before SCHWARTZ, C.J., BASKIN, J., and JOSEPH P. McNULTY, Associate Judge.
SCHWARTZ, Chief Judge.
By petition for writ of mandamus directed to the trial court judge, Ms. Bathurst seeks to require that the court, rather than the general master to whom the matter was referred, hear and determine a motion to hold her in contempt. We grant the relief sought.
On March 21, 1988, the respondent Mark Bathurst filed a motion in the division of the Dade County Circuit Court which had granted his dissolution, to hold his ex-wife in contempt for violation of the visitation provisions of the judgment. On his own motion, the presiding judge, the respondent judge Jack M. Turner, referred the motion for hearing and disposition to a general master on April 3, 1988. One of the provisions of that order, which is apparently a form used for the purpose, stated:
[*] NOTE: IN THE EVENT EITHER PARTY DOES NOT CONSENT TO THIS REFERRAL IN ACCORDANCE WITH RULE 1.490(c), FLA.R.CIV.P., THEN SUCH PARTY SHALL FORTHWITH, AND NO LATER THAN FIVE (5) DAYS FROM THE DATE OF RECEIPT OF THIS ORDER, FILE A NOTICE OF OBJECTION TO SAID REFERRAL, SETTING FORTH THE AMOUNT OF TIME NEEDED FOR A HEARING BEFORE THE UNDERSIGNED JUDGE. COPIES OF ANY NOTICE OF OBJECTION SHALL BE DELIVERED TO THE CIRCUIT JUDGE, THE GENERAL MASTERS OFFICE, AND OPPOSING PARTY.
The husband secured a May 5, 1988 date for a hearing before a general master. On May 3, 1988, before that time, but after the five-day period provided in the order of referral, Ms. Bathurst, acting pro se,[1] filed a formal objection to proceeding before the general master. While this objection was overruled by the master, he recused himself from further proceedings in the cause. Because of this and a set of continuances, the merits of the contempt motion have yet to be heard. After the trial judge in the meantime denied a formal motion to remit the issue from the master for disposition *941 by the court itself, Ms. Bathurst brought this proceeding to compel him to do so.
We determine that the referral to the general master was erroneous. This conclusion is dictated by the doctrine, now specifically incorporated in Florida Rule of Civil Procedure 1.490(c), that "no referral shall be made to a master, either general or special, without the consent of the parties." Slatcoff v. Dezen, 74 So.2d 59 (Fla. 1954); Villas at Cutler Ridge Homeowners' Ass'n v. Newman, 498 So.2d 579 (Fla. 3d DCA 1986). It is apparent that, under the instant circumstances, Ms. Bathurst did not "consent," as the rule requires, to the reference to which she has strenuously objected both below and in this court. Nor, contrary to the contention of the respondent, may a valid consent be constructed from her failure subsequently to object to the order of referral within the time provided by the order itself. The term "consent" commonly connotes and requires a previous affirmative agreement to the act in question rather than a mere acquiescence in or approval of action  here, the order of referral  which has already taken place. State v. Boggs, 181 Iowa 358, 360, 164 N.W. 759, 760 (1917) ("The word `consent' ... should be interpreted as meaning voluntarily yielding the will to the proposition of another... ."); De Klyn v. Gould, 165 N.Y. 282, 287, 59 N.E. 95, 97 (1901) ("[M]ere acquiescence in the erection or alteration, [of lessor's house by lessee] with knowledge, is not sufficient evidence of the consent. There must be something more. Consent is not a vacant or neutral attitude... . It is affirmative in nature."); People v. Lowe, 209 A.D. 498, 500, 205 N.Y.S. 77, 80 (1924) (Consent "means an active acquiescence ... with knowledge of the act ... [and] refers to conduct ... before or at the time of the happening of the act."). See generally Allen v. State, 52 Fla. 1, 41 So. 593 (1906); Norman v. State, 379 So.2d 643 (Fla. 1980); Raffield v. State, 362 So.2d 138 (Fla. 1st DCA 1978).
This rule, it seems to us, applies with even greater force in the present context, in which a party's organic right to the judgment of a duly qualified judicial officer is at stake. See Slatkoff v. Dezen, 74 So.2d at 59. Thus, the unilateral requirement in the order for an objection within a given period subsequent to the fait accompli represented by the reference is simply contrary to the requirements of Florida Rule of Civil Procedure 1.490(c) and is thus invalid.[2],[3],[4]
*942 Accordingly, as in Villas at Cutler Ridge Homeowners' Ass'n, Inc. v. Newman, 498 So.2d at 579, we grant mandamus requiring the trial court to dispose of the ex-husband's motion for contempt.[5]
MANDAMUS GRANTED.
NOTES
[1] This fact makes no difference in our determination of the merits of the present controversy.
[2] We must note the potentially coercive effect of the requirement that the party who objects to the reference himself bring his objection to the attention of the referring court, with a statement of the amount of time required by the matter on the judge's calendar. It takes little imagination to understand that the party's failure to object may not only be mere  and, as we hold, insufficient  acquiescence, but forced acquiescence, at that.
[3] Our holding should not be read as implying that a party may not waive the right to object to even an invalid referral by voluntarily participating in the proceeding before the master. See generally 3 Fla.Jur.2d Appellate Review §§ 292-293 (1978). But that did not occur in this case, in which the petitioner's explicit objection to a hearing by the master was made well before any waiver of the defective referral could have taken place. See Cox v. Cox, 490 So.2d 1051 (Fla. 4th DCA 1986) (failure timely to object waives complaint of orders of referral as to matters already completed; objection resulted in vacating prospective operation of order as to referrals not yet decided). For this reason, we do not consider whether even an appearance before the master without vocal complaint may be vitiated by the coercion we have noted is implied in the order of reference, see supra note 2, thus arguably rendering any decision by the master subject to a subsequent appellate objection.
[4] We need not in this case determine whether there is anything contrary to this holding in Administrative Order No. 88-2, In re: Duties and Designation of Matters to be Heard by the General Masters of the Circuit Court, promulgated by the chief judge of the eleventh judicial circuit on February 1, 1988. Paragraph 4 of that order provides that "[i]f any party timely objects to the referral, the cause shall be heard by the Judge having jurisdiction over the case." As we hold here, a "timely objection" may come at any time before the hearing before the master commences.

If, arguendo, however, the apparent requirement of a subsequent objection does conflict with our holding that previous mutual consent is required, it must be pointed out that the administrative order in question, which was avowedly promulgated under Florida Rule of Judicial Administration 2.050(b)(3), see Fla.R. Jud.Admin. 2.050(b)(2), as one involving a plan for the administration of the courts within the circuit, was not approved by the supreme court as a local rule under Florida Rule of Judicial Administration 2.050(e)(1), and could not in any case take precedence over a court rule such as Florida Rule of Civil Procedure 1.490. See Fla. R.Jud.Admin. 2.020(b) (local rule may not "conflict" with statewide rule); 2.020(c) (administrative order may not be "inconsistent" with court rule).
[5] We are sure that it will be unnecessary to issue the formal writ.