568 So.2d 102 (1990)
Glenn WILSON a/k/a Glenn Wilson, Sr., Appellant,
v.
Carol Lynn McKAY f/k/a Carol Lynn Wilson, Appellee.
No. 90-25.
District Court of Appeal of Florida, Third District.
October 16, 1990.
*103 Edward C. Vining, Jr., Miami, for appellant.
Gold, Fox & Graham and Roberta Fox, Miami, for appellee.
Before SCHWARTZ, C.J., and HUBBART and BASKIN, JJ.
PER CURIAM.
Glenn Wilson appeals a post-judgment order approving the general master's report and awarding attorney's fees and costs pursuant to that report to his former wife, Carol McKay.
Subsequent to the entry of a judgment of dissolution of marriage, the parties filed numerous post-judgment motions. The trial court referred several matters to a general master. On July 31, 1989, the trial court approved the general master's report of February 21 and ordered that the general master retain jurisdiction to determine entitlement to attorney's fees. On August 10, the wife filed a motion for attorney's fees and costs; on August 21, the husband filed an objection to the general master conducting the hearing on fees. Despite the objection, the general master held a hearing on attorney's fees on October 27, and on November 6, 1989, the general master filed a report recommending an award to the wife of $28,000 for attorney's fees and $1,360 for costs. The trial court overruled the husband's objections to the reference of the fee question to the master and approved the report. We reverse.
Florida Rule of Civil Procedure 1.490(c) expressly provides that "No reference shall be to a master, either general or special, without the consent of the parties." The husband argues that he did not consent and timely objected to the hearing before the general master. We agree. "[A] `timely objection' may come at any time before the hearing before the general master commences." Bathurst v. Turner, 533 So.2d 939, 941 n. 4 (Fla. 3d DCA 1988). Here, the husband filed a written objection prior to the hearing. Thus, the trial court erred in overruling the husband's objections and approving the report's provisions pertaining to attorney's fees and costs. Kuper v. Kuper, 564 So.2d 159 (Fla. 3d DCA 1990); Bathurst; Slattery v. Slattery, 528 So.2d 1377 (Fla. 4th DCA 1988); Fla.R.Civ.P. 1.490(c). Furthermore, the husband did not waive his right to object by participating in the hearing after filing his objection. Kuper; see Bathurst, 533 So.2d at 941 n. 3; cf. Goldfarb v. Agran, 546 So.2d 24, 25 n. 1 (Fla. 3d DCA 1989) (where husband did not object to ex-parte referral to general master "[he] waived any objections he may have had ... by voluntarily participating in the hearing before the general master."); Cox v. Cox, 490 So.2d 1051 (Fla. 4th DCA 1986).
Accordingly, we reverse the trial court order approving the general master's report with respect to the attorney's fee and cost award and remand for the trial court to consider and decide the wife's motion for attorney's fees and costs.
Reversed and remanded.