DOWNEY, JAMES C., Senior Judge.
This is an appeal from an order of the trial court entered in a post-judgment proceeding arising out of a paternity suit.
Appellant, the putative father of a child born out of wedlock, instituted this litigation to establish the paternity of said child, his residential custody, and visitation rights. In due course the parties entered into a written stipulation admitting the paternity of the appellant and providing for various other matters such as visitation, child support, and a division of future medical expenses and health insurance. The final judgment adopted the agreement of the parties and contained a boiler plate provision reserving jurisdiction to enter “any further orders that may be equitable, appropriate and just.”
Sometime thereafter the mother filed various motions to determine child support arrearages and contempt allegations, and the father moved to modify the judgment to increase visitation and reduce child support. Early on in the motion practice the trial court sua sponte ordered the then pending motions referred to a master, and provided that failure of either party to object within five days prior to the hearing or ten days after service of the order of referral would constitute consent to the reference. Eventually, appellant filed a blanket objection to a reference of any further matters to a master. The trial court overruled appellant’s objections to the references and in due course approved the actions and recommendations of the master which included the matters contained in the order on appeal.
The specific complaints presented are the action of the trial court in awarding appel-lee a judgment for costs of confinement and expenses incident to the birth of the child and of the reference to a master.
Rule 1.490(c), Florida Rules of Civil Procedure, states that no reference shall be made to a master without the consent of the parties. In the present case, the trial judge on his own motion referred issues to a master, with a caveat that if anyone objected they must do so within a stated time. We hold that such a practice violates the above-cited rule and has been condemned in other cases. Bathurst v. Turner, 533 So.2d 939 (Fla. 3d DCA 1988).[1] The mother contends that the father waived the improper reference by not objecting anew every time a reference was made, and by participating in the reference proceeding after denial of his objection. We reject those arguments. Adequate objection was made here initially and, experiencing no success, the father entered a blanket objection to any further references. Continued special objection was not re *762 quired under the circumstances of this case. The futility of objecting was obvious. Furthermore, having suffered a denial of his objections, the father's active participation in the referred proceeding is not a waiver. Wilson v. McKay, 568 So.2d 102 (Fla. 3d DCA 1990); Kuper v. Kuper, 564 So.2d 159 (Fla. 3d DCA 1990).
The father’s second attack upon the order appealed from involves the award of the cost of confinement and expense incident to the birth of the child.
It should be remembered that this litigation was commenced by the putative father to establish the paternity of the child. In responding to the father’s complaint, the mother filed an answer admitting the paternity of the father but seeking no affirmative relief except taxable costs. Thereafter, the parties negotiated a settlement in which they resolved their respective claims; i.e., visitation, child support, shared parental responsibility, medical insurance and expenses. The court adopted this settlement and included it in the final judgment. Not until nine months after entry of the final judgment did the mother for the first time make a claim against the father for costs of confinement and birth expenses. We hold, as the father contends, that the claims come too late. Those matters properly should have been raised by counterclaim in the original paternity suit; they should have been included in the settlement agreement of the parties and presented to the court by appropriate pleading for determination in the final judgment. It was error to consider them via the master or the court at this late stage of the proceedings.
Accordingly, we reverse the order appealed from and remand the cause to the trial court for further appropriate proceedings.
REVERSED AND REMANDED.
HERSEY and DELL, JJ., concur.

. It is significant that mandamus has been issued in two former cases, Taylor v. Taylor, 569 So.2d 1389 (Fla. 4th DCA 1990), and Hanor v. Hinckley, 584 So.2d 1129 (Fla. 4th DCA 1991), rejecting references without consent by the same trial judge.