773 So.2d 1185 (2000)
Daniel S. PESUT, Individually; Daniel S. Pesut, as guardian of Jennifer Pesut, a minor child; Sharon A. Pesut, Individually; Virginia Carahoff Pesut, Individually; Destiny Financial Services, Inc., a Florida Corporation; Destiny Financial, Inc., a Florida Corporation; Destiny Financial Services Group, Inc., a Florida Corporation; Gulfside Group, Inc., a Florida Corporation; CYOD, L.L.C., a Florida limited Liability Corporation; First USA Financial, Inc., a Florida Corporation; Paul Hoffman, Individually; Terrance Langham, Individually; and Marilyn Langham, Individually, Petitioners,
v.
Suzanne V. MILLER, as Personal Representative of the Estate of Gordon R. Taylor, deceased; Suzanne V. Miller, as Personal Representative of the Estate of Helen R. Taylor, deceased; Suzanne V. Miller, as Trustee of the Revocable Trust Agreement of Gordon R. Taylor, dated December 5, 1990; and Susan Miller, individually, Respondent.
No. 2D00-2526.
District Court of Appeal of Florida, Second District.
November 29, 2000.
*1186 John P. Graves, Jr., and Michele S. Stephan of Law Offices of Graves & Stephan, Chartered, Sarasota, for Petitioners.
Robert P. Watrous and Melinda A. Delpech of Watrous & Delpech, P.A., Sarasota, for Respondent.
ALTENBERND, Judge.
The Petitioners seek a writ of certiorari, prohibition, or mandamus to prevent the trial court from requiring them to resolve discovery disputes before a special master. The Petitioners did not consent to the reference of these issues to the special master. See Fla. R. Civ. P. 1.490(c). Precedent requires that we grant the writ of mandamus and compel the trial court to resolve these disputes without the help of the special master. See Hanor v. Hinckley, 584 So.2d 1129 (Fla. 4th DCA 1991); Taylor v. Taylor, 569 So.2d 1389 (Fla. 4th DCA 1990); Bathurst v. Turner, 533 So.2d 939 (Fla. 3d DCA 1988).
The Respondent filed a lawsuit against Daniel S. Pesut and several other defendants essentially alleging that Mr. Pesut, in his role as financial advisor, took unfair advantage of Helen R. Taylor and Gordon R. Taylor, both of whom are now deceased. Even from the limited record before this court, it is clear that discovery deteriorated to a level of conduct that would not be tolerated on an elementary school playground. Exasperated, the trial judge appointed a special master on June 1, 2000, to resolve all discovery disputes except for the imposition of sanctions. The parties are required to bear the initial cost of the special master under a pro rata formula, and the prevailing party is entitled to recover its costs for the master in the final judgment.
The trial judge believed he had inherent authority to appoint this special master, perhaps as a method to preserve his own sanity, in light of Slatcoff v. Dezen, 74 So.2d 59 (Fla.1954). In 1954 and until the major revision of article V in 1972, circuit court judges had constitutional power to appoint "court commissioners" to perform functions similar to those performed by special masters. See, e.g., art. V, § 6(4), Fla. Const. (1969); art. V, § 14; Fla. Const. (1885). Circuit court judges no longer have this constitutional power.
The supreme court's 1984 commentary to Florida Rule of Civil Procedure 1.490 cites Slatcoff with a "see" signal, suggesting that the case is still good law. It is cited, however, for the proposition that
[t]he consent of all parties is required for any reference to a special master. Special masters may be used as provided by statute even with the rule change.
Fla. R. Civ. P. 1.490 (ct. commentary, 1984 amend.). No statute is involved in this case. Whatever limited vitality may remain in Slatcoff, it does not authorize a trial court to appoint a special master to handle discovery disputes over the objection of a party.
We express no opinion as to the source or reason for the extensive discovery disputes in this case. It is likely that these disputes will consume valuable court resources. In the absence of a system comparable to the federal court model in which magistrates resolve most discovery disputes for the judges, the burden falls upon the trial judge to cope with this problem. The trial court, of course, has various sanctions it can impose against recalcitrant litigants.
Petition for Writ of Mandamus granted.
PARKER, A.C.J., and WHATLEY, J., Concur.