798 So.2d 22 (2001)
NOVARTIS PHARMACEUTICALS CORPORATION f/k/a Sandoz Pharmaceuticals Corporation, a Delaware corporation, doing business in Florida, Petitioner,
v.
Connie CARNOTO, Rene Carnoto, her husband, Celina Poy-Wing, M.D., Celina Poy-Wing, M.D., P.A., All Women's OB/GYN Group, Inc., and Alison Clarke-Desouza, M.D., jointly and severally, Respondents.
No. 4D00-3189.
District Court of Appeal of Florida, Fourth District.
October 10, 2001.
Rehearing Denied November 19, 2001.
Wendy Frank Lumish and Benjamine Reid of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., and R. Layton Mank of Wilson, Elser, Moskowitz, Edelman & Dicker, Miami, and Joe G. Hollingsworth, Katharine R. Latimer, Martin C. Calhoun, Cynthia L. Kendrick, and Rebecca A. Womeldorf of Spriggs & Hollingsworth, Washington, D.C., for petitioner.
Richard A. Sherman of Law Offices of Richard A. Sherman, P.A., and Wilton L. Strickland of Wilton L. Strickland, P.A., Fort Lauderdale, for respondents Connie and Rene Carnoto, her husband.
Loren E. Levy of The Levy Law Firm, Tallahassee, for Amicus Curiae The Academy of Florida Trial Lawyers.
Susan T. Spradley, George N. Meros, Jr., and Chanta G. Combs of Gray, Harris & Robinson, P.A., Tallahassee, for Amicus Curiae The True Coalition, and Robin S. Conrad of the National Chamber Litigation Center, Inc., Washington, D.C., for *23 Amicus Curiae Chamber of Commerce of the United States.
Brian S. Dervishi of Weissman, Dervishi, Borgo & Nordlund, P.A., Miami, Chilton Davis Varner and Sara Barton O'Dea of King & Spalding, Atlanta, Georgia, and Hugh F. Young, Jr., Reston, Virginia, for Amicus Curiae The Product Liability Advisory Council, Inc.

ON MOTION FOR REHEARING, REHEARING EN BANC AND/OR CERTIFICATION TO THE FLORIDA SUPREME COURT
PER CURIAM.
We grant petitioner's motion for rehearing, deny rehearing en banc and/or certification to the Florida Supreme Court, withdraw our prior opinion, and substitute the following in its place.
Novartis Pharmaceuticals Corporation has filed this petition for writ of mandamus and certiorari following a Broward Circuit Court order which denied its motion to limit the scope of referral of issues to a special master.
In particular, the trial court referred issues pertaining to the Sunshine in Litigation Act [Sunshine Act], specifically Section 69.081, Florida Statutes, to a special master, and ruled that a determination would have to be made on Sunshine Act issues before the trial court would rule on petitioner's discovery objections in a pending products liability lawsuit. Petitioner Novartis argued that it did not consent to this delegation of Sunshine Act issues to the special master, and that the trial court erred in deciding to defer ruling on petitioner's discovery objections until resolution of the Sunshine Act issues.
We grant the petition for writ of mandamus but dismiss the petition for certiorari.
Mandamus lies to compel a trial court to resolve issues without a special master when the trial court has referred such issues to resolution by special master without the consent of both sides to a dispute. See, e.g., Pesut v. Miller, 773 So.2d 1185 (Fla. 2d DCA 2000); Hanor v. Hinckley, 584 So.2d 1129 (Fla. 4th DCA 1991); Taylor v. Taylor, 569 So.2d 1389 (Fla. 4th DCA 1990); Bathurst v. Turner, 533 So.2d 939 (Fla. 3d DCA 1988). These authorities are based on rule 1.490(c), Florida Rules of Civil Procedure, which provides that no reference shall be made to a master without the consent of the parties.
We find that the record shows that petitioner did not consent to referral of the Sunshine in Litigation Act issues to the special master. We reject respondents' argument that petitioner waived the issue or invited error in the referral, and therefore grant mandamus.
Petitioner also argues for certiorari to quash the same order because it provided that the trial court would resolve pretrial public hazard issues raised rather than defer hearing them until after resolution of the pending products liability lawsuit. For certiorari to lie, petitioners must demonstrate a departure from the essential requirements of law which causes irreparable harm. Bared & Co., Inc. v. McGuire, 670 So.2d 153 (Fla. 4th DCA 1996). In this case, we find petitioner failed to show irreparable harm.
We find petitioner's remaining points to be without merit and decline to entertain the broad range of constitutional challenges to the trial court's order and Sunshine Act advanced in one of the amicus briefs filed in this court. We find those challenges to be premature at best.
*24 PETITION FOR WRIT OF MANDAMUS GRANTED; PETITION FOR WRIT OF CERTIORARI DISMISSED.
DELL, WARNER and SHAHOOD, JJ., concur.