866 So.2d 1248 (2004)
Lewis V. SWEZY, Petitioner,
v.
Beverly BART-SWEZY, Respondent.
No. 4D03-3715.
District Court of Appeal of Florida, Fourth District.
February 11, 2004.
*1249 Michele K. Cummings and Robyn L. Vines of Ruden, McClosky, Smith, Schuster & Russell, P.A., Ft. Lauderdale, for petitioner.
David J. Schottenfeld of David J. Schottenfeld, P.A., Plantation, for respondent.
PER CURIAM.
Lewis Swezy filed a petition for writ of prohibition requesting this court reverse the trial court's order of referral to a general master. We grant his request.
Lewis Swezy (Husband) and Beverly Bart-Swezy (Wife) were married on August 5, 2001. Wife gave birth to a son two days later. Before they were married, Wife was artificially inseminated. Husband denies that he consented to the artificial insemination and further denies paternity.
Wife filed for dissolution of marriage. In the petition she sought temporary and permanent child support, alleging the child was born "as issue of the marriage." She then moved for temporary custody and temporary child support. The trial court referred the motions to a general master for a hearing pursuant to Florida Family Law Rule of Procedure 12.490. Husband denied paternity and objected to referring the matter to a general master. The motion for temporary support was set for hearing before a general master. Husband moved to strike the notice of hearing, objecting that paternity has not been established. The trial court denied Husband's motion and as of yet the trial court has not determined paternity.
Husband argues that a general master has no authority to determine matters objected to by him, and in particular, no authority to determine temporary child support since the trial court has not determined paternity.
A referral to the general master requires the consent of all parties. Rule 12.490(b) provides in part:
(1) No matter shall be heard by a general master without an appropriate order of reference and the consent to the referral of all parties. Consent, as defined in this rule, to a specific referral, once given, cannot be withdrawn without good cause shown before the hearing on the merits of the matter referred. Consent may be express or may be implied in accordance with the requirements of this rule.
(A) A written objection to the referral to a general master must be filed within 10 days of the service of the order of referral.
Prohibition is the proper remedy when the trial court refers a matter to a general master without both parties' consent. See Taylor v. Taylor, 569 So.2d 1389 (Fla. 4th DCA 1990). In Taylor, the trial court overruled a timely objection to an order referring a motion to compel to a general master. This court treated the appeal as a petition for writ of prohibition and mandamus. This court noted that a party's consent is required before a hearing can be referred to a general master, granted the petition, and reversed the order of referral. See also Lunger v. Hinckley, *1250 572 So.2d 1042 (Fla. 4th DCA 1991) (following Taylor); Novartis Pharm. Corp. v. Carnoto, 798 So.2d 22 (Fla. 4th DCA 2001) (citing Taylor and observing, "[m]andamus lies to compel a trial court to resolve issues without a special master when the trial court has referred such issues to resolution by special master without the consent of both sides to a dispute").
In the instant case, Husband filed a timely objection to the referral order and as a result, the trial court could not refer this issue to a general master. Husband's petition for a writ of prohibition is granted.
POLEN and HAZOURI, JJ., concur.
FARMER, C.J., concurs specially with opinion.
FARMER, C.J., concurring.
Although I agree with the outcome, I write to emphasize that the title of the official to whom the case is referred is not dispositive as to whether an assignment can be made at all over the objection of a party. It hardly matters whether that official is called "General Master," "Support Enforcement Officer," "Über Richter" or any other title the inventive minds of lawyers, Judges or court administrators may divine. The rule is that no assignment of the judicial function can be made without the consent of all parties. On this basis I join in granting the writ.