958 So.2d 947 (2007)
Vanessa Del C. GARCIA, n/k/a Vanessa Del Carmen Acosta, Appellant,
v.
John Paul GARCIA, Appellee.
No. 3D06-1063.
District Court of Appeal of Florida, Third District.
April 11, 2007.
Rehearing Denied June 5, 2007.
*948 Vanessa Del Carmen Garcia n/k/a Vanessa Del Carmen Acosta, in proper person.
Laurence A. Wanshel, Miami, for appellee.
Before RAMIREZ, SHEPHERD, and LAGOA, JJ.
LAGOA, Judge.
Appellant, Vanessa Del C. Garcia, the former wife, appeals from a non-final order denying her motion to transfer venue. She also seeks to compel the trial court to hear matters which were referred to the general magistrate. We affirm the trial court's order denying the motion to transfer of venue and, as to the other issue, we grant mandamus.
I. PROCEDURAL HISTORY
The parties were divorced in Miami-Dade County in 2003. In October, 2004, the former wife moved with the parties' children to West Palm Beach. Thereafter, in 2005, the former wife filed, in Miami-Dade County, a Petition for Modification of Primary Physical Residence, Parental Responsibility, Visitation and Child Support. The trial court referred the Petition to a general magistrate, who recommended that the Petition be denied. The trial court subsequently entered an order approving and incorporating the general master's report.
On November 18, 2005, Appellee, the former husband, filed a Verified Petition to Enforce His Visitation and Shared Parental Responsibilities with the Parties' Minor Children, Petition for Clarification of the Husband's Visitation Rights and Shared Parental Responsibilities, and to appoint an Appropriate Mental Health Professional. The former husband also filed a Verified Emergency Motion for Visitation and Family Study pending his prior Petition. On March 16, 2006, the trial court entered an order referring the former husband's Verified Emergency Motion as well as the Verified Petition to the same general magistrate who had heard and recommended denial of the wife's previous Petition.
On March 22, 2006, the former wife filed an objection to the referral to the general magistrate. The general magistrate, in turn, on March 30, 2006, entered a Report of General Magistrate on Failure to Consent to Magistrate's Hearing and Notice of Filing in which he returned the matter in the cause to the presiding circuit court judge. However, three days earlier the trial judge entered an Order on Status in which he set aside the former wife's objection to the general magistrate and ruled that the "[g]eneral [m]agistrate has continued jurisdiction."
Additionally, on March 22, 2006, the former wife separately filed a Motion for Change of Location/Venue. In her Motion, the former wife argued that it was no longer convenient for her to litigate the post-dissolution matters in Miami-Dade County, as she had moved West Palm Beach and the travel required to Miami-Dade County would present a financial hardship to her. The trial court denied the motion for change of venue.
II. ANALYSIS
We review a trial court's determination regarding whether or not to transfer venue for the convenience of the parties under an abuse of discretion standard. Blackhawk Quarry Co., v. Hewitt Contracting Co., 931 So.2d 197, 199 (Fla. 5th DCA 2006); Commodore Realty, Inc. v. Classic Carpet & Tile, Inc., 843 So.2d 359 (Fla. 3d DCA 2003). However, because the Appellant failed to provide this Court with a transcript of the hearing *949 below, the record presented to us is inadequate to demonstrate whether the trial court abused its discretion in denying the motion to transfer venue. See Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150, 1152 (Fla.1979). Accordingly, we are required to affirm the trial court's order.
The former wife also appeals from the general magistrate's Report because she misperceives it to be an order denying her objection to the referral. As explained above, the general magistrate's Report in fact properly returned the matter to the trial court's jurisdiction. We surmise that the former wife's confusion stems from the fact that the trial judge set aside her objection to the referral in an Order on Status three days prior to the general magistrate's action.
To the extent that the former wife seeks relief from the order denying her timely objection to the referral, we treat her request as one for a writ of mandamus. See Christ v. Christ, 939 So.2d 256, 257 (Fla. 1st DCA 2006)(timely objection to a magistrate referral may be raised through a writ of mandamus or a writ of prohibition); Novartis Pharm. Corp. v. Carnoto, 798 So.2d 22, 23 (Fla. 4th DCA 2001)("Mandamus lies to compel a trial court to resolve issues without a special master when the trial court has referred such issues to resolution by special master without the consent of both sides to a dispute."); Taylor v. Taylor, 569 So.2d 1389 (Fla. 4th DCA 1990)(treating appeal from order of referral as both a petition for writ of prohibition and mandamus); see also Bathurst v. Turner, 533 So.2d 939 (Fla. 3d DCA 1988).
Florida Family Law Rule 12.490(b) provides in relevant part:
(1) No matter shall be heard by a general magistrate without an appropriate order of reference and the consent to the referral of all parties. Consent, as defined in this rule, to a specific referral, once given, cannot be withdrawn without good cause shown before the hearing on the merits of the matter referred. Consent may be express or may be implied in accordance with the requirements of this rule.
In accordance with the Rule, the trial court's March 16, 2006 order of referral stated, in part:
A REFERRAL TO A GENERAL MAGISTRATE REQUIRES THE CONSENT OF ALL PARTIES. YOU ARE ENTITLED TO HAVE THIS MATTER HEARD BY A JUDGE. IF YOU DO NOT WANT TO HAVE THIS MATTER HEARD BY THE GENERAL MAGISTRATE, YOU MUST FILE A WRITTEN OBJECTION TO THE REFERRAL WITHIN 10 DAYS OF THE TIME OF SERVICE OF THIS ORDER. IF THE TIME SET FOR THE HEARING IS LESS THAN 10 DAYS AFTER SERVICE OF THIS ORDER, THE OBJECTION MUST BE MADE BEFORE THE HEARING. . . . FAILURE TO FILE A WRITTEN OBJECTION WITHIN THE APPLICABLE TIME PERIOD IS DEEMED TO BE A CONSENT TO THE REFERRAL.
As the Rule makes clear, a referral to a general magistrate requires the consent of all of the parties. In this case, the Appellant filed her objection to the referral within the time period provided by the Order of Referral, and the general magistrate properly relinquished jurisdiction back to the trial court. Indeed, the general magistrate's Report specifically determined "that the objection to [the] order of referral . . . was a timely objection pursuant to Rule 12.490(b), Florida Family Law Rules of Procedure." The trial court, however, *950 improperly "set aside" the objection and ordered the general magistrate to retain jurisdiction. Because the former wife properly objected, she was entitled to have the matter heard before a circuit court judge.[1]See Christ, 939 So.2d at 256; Swezy v. Bart-Swezy, 866 So.2d 1248, 1249 (Fla. 4th DCA 2004).
Although the general magistrate correctly returned the matter to the trial court after the former wife filed a timely objection to the referral order, the final act of the trial court was to "set aside" the former wife's objection. Accordingly, in an abundance of caution, we grant mandamus requiring the trial court to hear and determine the former husband's Verified Emergency Motion and Verified Petition to Enforce Visitation.
Affirmed. Mandamus granted.
NOTES
[1] We note that the record indicates that the trial court judge who referred the matter to the general magistrate and "set aside" the objection has recused himself from further consideration of the cause.