996 So.2d 892 (2008)
WASHINGTON PARK PROPERTIES, LLC, a Florida Limited Liability Company, Doug Fleishman, Tom Smith and Tom Smith Development, Inc., a Florida corporation, Petitioners,
v.
Ricardo ESTRADA, Luz E. Leon and Richard Epperly, Respondents.
No. 4D08-2714.
District Court of Appeal of Florida, Fourth District.
November 19, 2008.
Rehearing Denied January 14, 2009.
*893 E.J. Generotti of Frank, Weinberg & Black, PL., Plantation, for petitioners.
Louis C. Arslanian, Hollywood, for respondents.
MAY, J.
This petition for writ of prohibition tests the parameters of an order referring matters to a general magistrate. The petitioners argue the referral order cannot be stretched to include parties and issues that were not in existence at the time of the original referral order without their consent. We agree and grant the petition.
The plaintiff filed a complaint against Tom Smith and Tom Smith Development (contractors) alleging construction defects and unlicensed contracting regarding a duplex and a single family home. The plaintiff amended his complaint and the contractors filed a motion to compel arbitration and stay the proceedings. The trial court referred the motion to a general magistrate. No one objected.
Subsequently, without seeking leave of court, the plaintiff filed a second amended complaint against the contractors. Defense counsel conferred with the plaintiff's attorney and agreed to resolve the arbitration issue through the general magistrate and scheduled a hearing on December 11, 2007.
Prior to the hearing, plaintiff's counsel withdrew. A new lawyer appeared for the plaintiff and requested leave to file a third amended complaint to add indispensable parties. The trial court granted the motion over the contractors' objection. Plaintiff then added two new parties as plaintiffs and three new defendants.
At the December 11, 2007 hearing the plaintiffs proceeded on the third amended complaint. The contractors objected and indicated that they wanted to file a new motion to compel arbitration based on the third amended complaint. At that time, the new defendants had just been served and their responses were not yet due.[1] On *894 December 13, 2007 the general magistrate issued a report, which the trial court approved on January 7, 2008.
On January 5, 2008, F.A. Homes filed a motion to abate and to compel arbitration. On January 31, 2008 Washington Park and Fleishman filed motions to compel arbitration and stay proceedings and the contractors filed new motions to compel arbitration and stay proceedings. None of the defendants consented to have these new motions heard by the general magistrate.
On January 31, 2008 each of the defendants filed anticipatory objections expecting the court would issue a new order of referral. However, no order of referral was entered after the filing of the third amended complaint.
On April 4, 2008 the defendants set their motions to compel arbitration for hearing before the trial court on June 10, 2008. On June 5, 2008 the plaintiffs filed a motion to strike the notices of hearing and requested that all of the motions be heard by the general magistrate. In their motion, the plaintiffs argued that the same attorney represented all of the defendants, including the contractors, and the contractors had been the ones to set the matter for hearing before the general magistrate on December 11, on their original motion to compel arbitration.
Without a hearing, the trial court granted the plaintiffs' motion to strike the notices of hearing, and ordered the motions to compel filed by the new defendants to be heard by the general magistrate. The defendants moved for reconsideration, which the trial court denied.
The contractors and new defendants (petitioners) seek a writ of prohibition concerning the June 6, 2008 order referring their motions to compel arbitration to the general magistrate without their consent.
The issue before us is whether an order referring specific motions to a general magistrate can apply to parties who were not a part of the action and motions that had not been filed at the time the order was entered. The answer is no.
This court has found both prohibition and mandamus are available remedies when the trial court refers a matter to a general master without the consent of all the parties. Swezy v. Bart-Swezy, 866 So.2d 1248 (Fla. 4th DCA 2004).
Florida Rule of Civil Procedures 1.490(c) provides that "[n]o reference shall be to a magistrate, either general or special, without the consent of the parties." Here, the new defendants were neither parties to the case when the original motions to compel arbitration were referred to a general magistrate nor have they subsequently consented to the referral. Although the contractors, the original defendants, consented to the referral of their original motions to compel, they did not consent to the referral of their second motions to compel which were filed following the new plaintiffs' filing of the third amended complaint.
The fact remains that unless the parties agree, the arbitration issue cannot be referred to the general magistrate and must be heard by the trial court. See Fla. R. Civ. P. 1.490(c); Pesut v. Miller, 773 So.2d 1185 (Fla. 2d DCA 2000). This is true notwithstanding that the same attorney represented both the contractors and the new defendants.
The plaintiffs argue that the contractors' attorney agreed at the December 11, 2007 hearing to have their new motions heard by the general magistrate. However, the *895 record belies that suggestion. And, the new parties had not even filed their responsive pleadings at the time of the hearing.
We grant the petition, issue the writ of prohibition, and direct the trial court to vacate its order of referral to the general magistrate.
DAMOORGIAN and STEVENSON, JJ., concur.
NOTES
[1] Two of the new defendants, Washington Park and Fleishman were served with the complaint on December 3, 2007, and their responses were due on December 23, 2007. F.A. Homes was served on December 5, 2007, and its response was due on December 26, 2007.