# Third District Court of Appeal

## State of Florida

Opinion filed March 25, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-292
Lower Tribunal No. 12-36911
_____

## Joara Freight Lines, Inc.,
Petitioner,

vs.

## Jose Perez, Arazay Diaz, Jorge Garcia, and Gerardo Sotolongo,
Respondents.

A Case of Original Jurisdiction – Mandamus.

Wadsworth Huott, LLP, and Christopher W. Wadsworth and Ronnie Guillen; Charles M-P George, for petitioner.

Beckham & Beckham, P.A., and Pamela Beckham, for respondents Jose Perez and Arazay Diaz.

Before WELLS, ROTHENBERG, and LAGOA, JJ.

LAGOA, J.

Petitioner, Joara Freight Lines, Inc. ("Joara Freight" or "Petitioner"), seeks a petition for a writ of mandamus directing the trial court to strike the Order

Appointing Special Master. Because we find that the referral to the special master was made without the consent and over the objection of Joara Freight in contravention of Florida Rule of Civil Procedure 1.490(c), we grant the relief sought.

I.    FACTUAL AND PROCEDURAL HISTORY

Respondent, Jose Perez ("Perez"), alleges he was injured on September 23, 2010, when a tractor-trailer vehicle owned by Joara Freight pinned Perez between the vehicle and a concrete barrier. At the time of the accident, Perez's wife and Respondent, Arazay Diaz ("Diaz"), was the sole officer, employee, and agent of Joara Freight.

Respondents Perez and Diaz filed suit against Joara Freight, alleging several acts of negligence committed by the corporation while it was under the exclusive control of Diaz in her corporate capacity. Diaz had herself served with the Summons and Complaint as "Trustee and former President" of Joara Freight, and subsequently proceeded to retain counsel—Carlos O. Fernandez ("Fernandez")—to represent Joara Freight. Joara's Freight's insurance carrier, Tower Group Companies, retained Wadsworth Huott, LLP ("Wadsworth"), to represent its interests throughout the litigation. As a result, Diaz, in her corporate capacity, maintained an attorney-client relationship with Fernandez and Wadsworth, and

2

maintained an attorney-client relationship with Ramon M. Rodriguez, who served as personal counsel for Diaz and her husband, Perez.

Due to the potential conflicts of interests associated with these various representations, Wadsworth filed several motions to dismiss, as well as a motion to disqualify co-counsel Fernandez, which the trial court denied on February 5, 2014. Fernandez then filed a motion to disqualify Wadsworth on March 5, 2014, and a hearing was held on December 9, 2014. During the hearing, the trial court denied Fernandez's motion to disqualify, and Wadsworth again raised the conflict of interest issue to the trial court, indicating that Joara Freight would have to move the court to appoint a guardian ad litem for Joara Freight. In response, the trial court stated, "I'm going to save you all some time. I'm not going to disqualify anybody. I think it's a good idea to appoint a guardian ad litem or receiver or whatever it is just so that there is—this is a very unusual situation." The trial court provided the parties approximately one week to either agree on the individual who would serve as the guardian ad litem, or to respectively nominate individuals to the trial court.

On December 18, 2014, Wadsworth, on behalf of Joara Freight, filed a Motion for Appointment of Receiver, and on December 19, 2014, Rodriguez, on behalf of Diaz and Perez, submitted the names of two individuals as potential appointees. Joara Freight's motion was scheduled to be heard on January 26,

3

2014; however, on January 7, 2014, the trial court entered an order appointing Scott W. Leeds, Esq. ("Leeds") as Special Master.

On January 9, 2015, Joara Freight filed a Motion for Clarification and to Strike Special Master, asserting that at no time prior to the trial court's order did any party file a motion seeking the appointment of a special master, and that the special master was appointed without the consent of Joara Freight. The trial court denied both Joara Freight's motion to strike the special master and its motion for appointment of a receiver. This petition ensued.

## II.  ANALYSIS

Florida Rule of Civil Procedure 1.490(c) specifically states that "[n]o reference shall be to a magistrate, either general or special, without the consent of the parties." Because a referral to a special magistrate requires the consent of the parties, a trial court has a duty to refrain from appointing a special master absent this consent. See, e.g., Gielchinsky v. Vibo Corp., 5 So. 3d 785, 785 (Fla. 3d DCA 2009); Garcia v. Garcia, 958 So. 2d 947, 949 (Fla. 3d DCA 2007); Pesut v. Miller, 773 So. 2d 1185, 1186 (Fla. 2d DCA 2000); Hanor v. Hinckley, 584 So. 2d 1129, 1130 (Fla. 4th DCA 1991); Taylor v. Taylor, 569 So. 2d 1389, 1389 (Fla. 4th DCA 1990); Murphy v. Murphy, 558 So. 2d 532, 532 (Fla. 4th DCA 1990); Miller v. Lifshutz, 558 So. 2d 195, 196 (Fla. 4th DCA 1990); Bathurst v. Turner, 533 So. 2d 939, 941 (Fla. 3d DCA 1988). Moreover, a trial court cannot appoint a special

4

master on its own motion. See Pesut, 773 So. 2d at 1186; Prater v. Lehmbeck, 615 So. 2d 760, 761 (Fla. 4th DCA 1993); Bathurst, 553 So. 2d at 940-41.

Respondents argue that the petition for a writ of mandamus should be denied because petitioner has an adequate legal remedy by appeal. We find this argument without merit as "[m]andamus lies to compel a trial court to resolve issues without a special master when the trial court has referred such issues to resolution by special master without the consent of both sides to a dispute." Novartis Pharm. Corp. v. Carnoto, 798 So. 2d 22, 22 (Fla. 4th DCA 2001); see also Washington Park Props., LLC v. Estrada, 996 So. 2d 892, 894 (Fla. 4th DCA 2008) (finding that "both prohibition and mandamus are available remedies when the trial court refers a matter to a general master without the consent of all the parties"); Pesut, 773 So. 2d at 1186; Bathurst, 533 So. 2d at 941-42. Through the filing of Joara Freight's Motion for Clarification and to Strike Special Master—and subsequent argument before the presiding trial court judge—the record establishes Joara Freight's explicit objection to the appointment of the special master.[1]

Because the record shows that Joara Freight did not consent to the appointment of Leeds as special master, we grant the Petition for Writ of

---

[1] We note, however, that a "'timely objection' may come at any time before the hearing before the general master commences." Wilson v. McKay, 568 So. 2d 102, 103 (Fla. 3d DCA 1990) (quoting Bathurst, 533 So. 2d at 941 n.4).

5

Mandamus and direct the trial court to vacate its order of referral to the special master and proceed consistent with this opinion.

PETITION GRANTED.