DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**KIM CIMINO,** as personal representative of The Estate of Michael Cimino, **KIM CIMINO,** individually, and **KIM CIMINO,** on behalf of and as natural guardian of Michael Drew Cimino,
Petitioners,

v.

**AMERICAN AIRLINES, INC.,** and **EDWIN DIAZ,**
Respondents,

No. 4D20-1499

[February 10, 2021]

Petition for writ of mandamus and petition for writ of certiorari to the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Patti E. Henning, Judge; L.T. Case No. CACE15-001723.

Chris Kleppin of the Kleppin Firm, P.A., Plantation, for petitioners.

Jennifer Olmedo-Rodriguez, Jesse H. Diner, Kelly H. Kolb and Chance Lyman of Buchanan Ingersoll & Rooney, PC, Fort Lauderdale, and Miami, for respondents.

PER CURIAM.

The Estate of Michael Cimino petitions for a writ of mandamus and a writ of certiorari related to the trial court's order appointing a special magistrate to review *in camera* native cell phone data. Petitioner contends it is entitled to mandamus relief where the court appointed a special magistrate over its objection.

We grant the petition for writ of mandamus but dismiss the petition for writ of certiorari as moot pursuant to petitioner's concession.

Here, after the trial court issued an oral ruling appointing a special magistrate, petitioner filed written objections to the oral rulings. In the written objections, petitioner noted it "object[ed] to the appointment of a special magistrate for any purpose" and "objected on all grounds to the use of a special magistrate . . . ." The court then issued its written order appointing the special magistrate.

Consent of the parties is required to refer any matter to a special magistrate. Fla. R. Civ. P. 1.490(c). Mandamus lies to preclude reference of a matter to a magistrate without the consent of the parties. *Novartis Pharm. Corp. v. Carnoto*, 798 So. 2d 22, 23 (Fla. 4th DCA 2001) (granting mandamus to enforce compliance with Florida Rule of Civil Procedure 1.490, which precludes reference of a matter to a magistrate without the consent of the parties).

The record demonstrates that petitioner did not consent to the trial court referring the matter to the special magistrate. Precedent requires that we grant the writ of mandamus and compel the trial court to resolve these disputes without the use of the special magistrate.

*Petition for writ of mandamus granted; petition for writ of certiorari dismissed.*

LEVINE, C.J., GERBER and KUNTZ, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

2