# Third District Court of Appeal

## State of Florida

Opinion filed March 18, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-1556
Lower Tribunal No. 02-6818-FC-04
_____


**Noel Pantoja, Sr.,**
Appellant,

vs.

**Bethany Francis,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Linda Melendez, Judge.


Noel Pantoja, Sr., in proper person.

No appearance, for appellee.


Before MILLER, GORDO and GOODEN, JJ.

GORDO, J.

Noel Pantoja, Sr. appeals from a final order denying his motion to dissolve a permanent injunction for protection against repeat violence entered in favor of Bethany Francis. We have jurisdiction. Fla. R. App. P. 9.030(b)(1)(A). We affirm.

Pantoja argues the trial court abused its discretion in denying dissolution because the injunction is old and should be dissolved. But the trial court here had a full hearing and Pantoja concedes that no transcript of the hearing has been provided to this Court. Without a transcript, we are unable to evaluate what evidence, testimony and arguments were presented or what factual findings underlay the trial court's ruling. In the absence of a transcript, we must presume that the trial court's decision is supported by competent substantial evidence. The burden rests squarely on Pantoja to demonstrate reversible error and where the record is incomplete, that burden cannot be met. See Applegate v. Barnett Bank of Tallahassee, 377 So. 2d 1150, 1152 (Fla. 1979) ("Without a record of the trial proceedings, the appellate court can not properly resolve the underlying factual issues so as to conclude that the trial court's judgment is not supported by the evidence or by an alternative theory. Without knowing the factual context, neither can an appellate court reasonably conclude that the trial judge so misconceived the law as to require reversal. . . . [T]he record brought forward by the

2

appellant is inadequate to demonstrate reversible error."); White v. White, 717 So. 2d 89, 90 (Fla. 3d DCA 1998) ("There is no transcript of the hearing in the record before us and we will not disturb the trial court's finding.").

Unlike the movant in cases where reversal was warranted because the undisputed evidence showed no contact, no threats and no objective basis for fear, we do not have a record demonstrating that the facts here are similarly one-sided. We simply do not know what evidence was presented at the hearing. Thus, we are compelled to affirm. See Hobbs v. Hobbs, 290 So. 3d 1092, 1094 (Fla. 1st DCA 2020) ("Trial courts have 'broad discretion in granting, denying, dissolving, or modifying injunctions, and unless a clear abuse of discretion is demonstrated, appellate courts will not disturb the trial court's decision.'" (quoting Noe v. Noe, 217 So. 3d 196, 199 (Fla. 1st DCA 2017))); Labrake v. Labrake, 335 So. 3d 214, 217 (Fla. 1st DCA 2022) ("After an injunction has been entered, either party to the injunction may move to modify or dissolve the injunction at any time. A party moving to dissolve the injunction must show changed circumstances. To establish a change in circumstances, the movant must demonstrate that the scenario underlying the injunction no longer exists so that the continuation of the injunction would serve no valid purpose. A trial court considers, when determining whether the injunction continues to serve a valid purpose, whether the victim

3

reasonably maintains a continuing fear of becoming a victim of domestic violence.") (internal quotation marks and citations omitted); <u>Garcia v. Garcia</u>, 958 So. 2d 947, 948-49 (Fla. 3d DCA 2007) ("[B]ecause the Appellant failed to provide this Court with a transcript of the hearing below, the record presented to us is inadequate to demonstrate whether the trial court abused its discretion in denying the motion[.] Accordingly, we are required to affirm the trial court's order.").

 Affirmed.