917 So.2d 419 (2006)
GENUINE PARTS COMPANY, Bridgestone Firestone North American Tire, Mack Trucks, Inc., International Truck and Engine Corporation, Daimlerchrysler Corporation, Freightliner, LLC., Borg-Warner Corporation, Honeywell International, Inc., f/k/a Allied Signal, as successor in interest to Allied Corporation, as successor in interest to The Bendix Corporation, Ford Motor Company, General Motors Corporation, Dana Corporation, and Pneumo Abex, LLC, Petitioners,
v.
James C. PARSONS, Respondent.
Nos. 4D05-4633, 4D05-4649, 4D05-4636, 4D05-4650, 4D05-4638.
District Court of Appeal of Florida, Fourth District.
January 11, 2006.
Steven L. Brannock and Meagen Peek Luka of Holland & Knight, LLP, Tampa, Thomas M. Burke and Chris N. Kolos of Holland & Knight, LLP, Orlando, for petitioners Genuine Parts Company, Bridgestone Firestone North American Tire, *420 Mack Trucks, Inc., and International Truck and Engine Corporation.
Jeffrey M. Bell of Bell & Melamed, LLC., Fort Lauderdale, for petitioners Daimlerchrysler Corporation, Freightliner, LLC., and Borg-Warner Corporation.
Jack R. Reiter and Anthony N. Upshaw of Adorno & Yoss, LLP, Miami, for petitioners Honeywell International, Inc., f/k/a Allied Signal.
Michael R. Holt of Rumberger, Kirk & Caldwell, Miami, Robert M. Perez of Salas, Ede, Peterson & Lage, L.L.C., South Miami, and Nancy W. Gregoire of Bunnell, Woulfe, Kirschbaum, Keller, McIntyre, Gregoire & Klein, P.A., Fort Lauderdale, for petitioners Ford Motor Company, and General Motors Corporation.
Evelyn M. Fletcher of Hawkins & Parnell, LLP, Atlanta, Georgia for petitioners Dana Corporation, and Pneumo Abex, LLC.
David A. Jagolinzer and Case A. Dam of The Ferraro Law Firm, P.A., Miami, for respondent.
MAY, J.
The defendants, Genuine Parts Company, Bridgestone Firestone North American Tire, Mack Trucks, Inc., and International Truck and Engine Corporation filed an Emergency Petition for Writ of Certiorari or Mandamus. Similar emergency petitions were then filed by Daimler-Chrysler Corporation, Freightliner, LLC, Borg-Warner Corporation, Honeywell International, Inc., f/k/a Allied Signal, Ford Motor Company, General Motors Corporation, Dana Corporation, Pneumo Abex, LLC, and Metropolitan Life.[1] The defendants argue the trial court deviated from the essential requirements of the law when it denied the defendants' various motions for continuance of a trial of this 54 defendant asbestos case on eight days phone notice, and less than thirty days from a hearing on the plaintiff's motion to expedite. Further, the defendants argue the trial court erred in failing to comply with Florida Rule of Civil Procedure 1.440. We agree with the latter argument, quash the orders denying the defendants' motions for continuance, and remand the case to the trial court for further proceedings consistent with this opinion and with the Florida Rules of Civil Procedure and the Omnibus Order.
The plaintiff filed a complaint on August 28, 2005. The complaint listed 54 defendants. Service on these defendants initiated on September 6, 2005. When the first emergency petition was filed in this court, not all defendants had been served.
On September 16, 2005, plaintiff's counsel conducted a videotaped deposition of the plaintiff to preserve his testimony in light of his terminal illness. On October 14, 2005, the plaintiff moved to expedite the trial. On November 7, 2005, the defendants received a copy of the plaintiff's social security printout, listing several job sites not previously disclosed. On November 14, 2005, the plaintiff renewed his motion to expedite the case, attaching expert affidavits concerning his life expectancy.
On December 5, 2005, the defendants received verbal notification the case would be set for trial on December 13, 2005. The defendants served a motion for continuance on December 7, 2005. The trial court denied the motion on December 8, 2005. It is from this order, and similar orders that followed, the defendants have filed their petitions for relief from this court. We issued a stay on December 12, 2005.
*421 Orders denying motions for continuance do not often give rise to the issuance of a writ of certiorari because they do not generally create irreparable harm. See Smith v. State, 187 So.2d 61 (Fla.2d DCA 1966). We therefore frequently dismiss petitions seeking relief from such orders. SSJ Mercy Health Sys., Inc. v. Posey, 756 So.2d 177, 179 (Fla. 4th DCA 2000). Occasionally, however, facts will give rise to this form of relief, but that has more often been occasioned by illness affecting the trial lawyer responsible for the case. See, e.g., Quinton v. Horvath, 690 So.2d 755 (Fla. 3d DCA 1997); Thompson v. Gen. Motors Corp., Inc., 439 So.2d 1012 (Fla.2d DCA 1983); Outdoor Resorts at Orlando, Inc. v. Hotz Mgmt. Co., Inc., 483 So.2d 2 (Fla. 2d DCA 1985).
A writ of mandamus, however, may be issued to enforce compliance with a mandatory rule. See S.W.T. v. C.A.P., 595 So.2d 1084 (Fla. 4th DCA 1992); Fireman's Fund Ins. Co. v. Weissing, 448 So.2d 630 (Fla. 4th DCA 1984).
Florida Rule of Civil Procedure 1.440(a) provides that "[a]n action is at issue after any motions directed to the last pleading served have been disposed of or, if no such motions are served, 20 days after service of the last pleading." Subsection (b) then provides that "any party may file and serve a notice that the action is at issue and ready to be set for trial." Fla. R. Civ. P. 1.440(b). That did not occur in this case.
More importantly, the rule then provides that if the court finds the action to be ready for trial, "it shall enter an order fixing a date for trial. Trial shall be set not less than 30 days from the service of the notice for trial." Fla. R. Civ. P. 1.440(c) (emphasis added). It is this provision which is mandatory. It is this provision with which the trial court failed to comply. It is this provision which causes us to issue the writ of mandamus in this case.
The plaintiff argues that its Motion to Expedite Trial, filed on October 14, 2005, and its renewed Motion to Expedite Trial, filed on November 11, 2005, were tantamount to Notices for Trial and the defendants are exalting form over substance. We disagree. There is no excuse to ignore the mandatory language of Fla. R. Civ. P. 1.440(c), which prevents the trial court from setting the trial in less than thirty days from service of a notice for trial. We do not adhere to the plaintiff's theory that the rules of civil procedure were meant to be broken.
Additionally, the plaintiff argues the Amended Omnibus Order on Trial Setting, Discovery and Product Identification in Personal Injury Asbestos Litigation automatically provides the trial schedule, thereby obviating the need for a Notice of Trial. Our review of the Omnibus Order reveals quite the opposite.
First, the order provides for a case to be placed on the trial calendar only after service on all defendants. According to the record provided to us, some defendants are still not served. Second, upon receipt of a letter or notice certifying that service shall be made, the case is to be placed on the next available trial docket, but no sooner than nine (9) months after the date of the notice. This case was set for trial on eight (8) days phone notice within four months of the filing of the complaint. And third, if an individual case is expected to go to jury trial, the order requires the party to inform the court and any other parties of the trial date at least three months prior to the trial date. Needless to say, that did not occur here. While the plaintiff correctly argues the order allows the trial court to expedite a case upon good cause, it provides no excuse for non-compliance *422 with either the Florida Rules of Civil Procedure or the Omnibus Order.
Because the plaintiff and the trial court failed to adhere to the Florida Rules of Civil Procedure and the Omnibus Order, we grant the defendants' petitions for mandamus, quash the orders denying the defendants' motions for continuance, and issue the writ of mandamus. We are not unmindful of the plaintiff's medical condition. We therefore remand the case to the trial court for proceedings consistent with this opinion. This does not preclude the trial court from expediting proceedings as long as such expedited process complies with the Florida Rules of Civil Procedure, the Omnibus Order, and is fair to all parties.
FARMER and SHAHOOD, JJ., concur.
NOTES
[1] Some parties limited their petitions to either writs of certiorari or mandamus. This court sua sponte consolidated these petitions for consideration.