# Third District Court of Appeal

## State of Florida

Opinion filed May 25, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-2091
Lower Tribunal No. 13-15087
_____


**944 CWELT-2007 LLC and Amelia Guerra,**
Petitioners,

vs.

**Bank of America, N.A.,**
Respondent.


A Writ of Certiorari to the Circuit Court for Miami-Dade County, Jose M. Rodriguez, Judge.

PA Bravo, P.A., and Paul Alexander Bravo and Ruzy Behnejad, for petitioners.

Aldridge | Pite, LLP, and Matthew A. Ciccio (Delray Beach), for respondent.

Before ROTHENBERG, SALTER and SCALES, JJ.

SCALES, J.

Petitioners Amelia Guerra and 944 CWELT-2007 LLC ("CWELT") seek certiorari review of the trial court's order denying a motion to cancel a foreclosure sale. Because there was a pending rule 1.530 motion for rehearing directed toward the foreclosure judgment at the time of the foreclosure sale, we grant the petition.

On April 26, 2013, Bank of America, N.A. (the "Bank") filed a foreclosure complaint against Guerra and her condominium association, 944 Condominium Incorporated (the "Association"). The Bank's foreclosure action sought to foreclose a mortgage on Guerra's condominium unit that secured a loan that the Bank made to Guerra in 2007.

At the time the Bank's foreclosure complaint was filed, a separate foreclosure action by the Association against Guerra was pending. The Association's action sought to foreclose the Association's lien for unpaid condominium assessments. On August 22, 2013, CWELT was issued a certificate of title to the unit after placing the winning bid in the sale held in the Association foreclosure action.

On May 5, 2015, a bench trial was held in the Bank's foreclosure action, and a final judgment of foreclosure was entered in the Bank's favor. The judgment set a foreclosure sale for June 29, 2015.

On May 20, 2015, Petitioners (defendants in the Bank's action) timely filed a rule 1.530 motion for rehearing directed toward the Bank's judgment. On June

26, 2015, the trial court cancelled the June 29, 2015 foreclosure sale date pursuant to Petitioners' motion to cancel the sale on the basis that the final judgment had not yet rendered. The trial court rescheduled the foreclosure sale for August 10, 2015.

Because Petitioners' motion for rehearing remained pending on the rescheduled August 10, 2015 sale date, Petitioners filed a second motion to cancel the foreclosure sale. This motion to cancel the sale was heard by the trial court on the morning of the scheduled sale. The trial court summarily denied the motion and the foreclosure sale proceeded. Respondent Tania Cienfuegos was named the winning bidder of the unit at the foreclosure sale. The Petitioners' rule 1.530 motion has not been adjudicated and remains pending.

Petitioners' seek certiorari review of the trial court's summary order denying their motion to cancel the foreclosure sale.[1]

It is well settled that a foreclosure sale cannot be held while a timely motion for rehearing is pending because enforcement of a final judgment is suspended by the filing of the rehearing motion. United Invs. Ltd. P'ship v. Resolution Tr. Corp., 566 So. 2d 370, 370 (Fla. 3d DCA 1990) (Mem). Accordingly, the trial court erred by not cancelling the August 10, 2015 foreclosure sale, and the foreclosure sale must be set aside. See Hoffman v. BankUnited, N.A., 137 So. 3d 1039 (Fla. 2d DCA 2014) (Mem).

[1] We consider the Bank's decision not to file a response to the petition as the equivalent of a confession of error.

3

Based on the foregoing, we grant the petition, quash the order denying Petitioners' motion to cancel the sale of foreclosure, direct the trial court to set aside the foreclosure sale to Cienfuegos, and remand for proceedings consistent herewith.

Petition granted.