DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**LORRAINE CAMPBELL** and **CHARLES LAMM,**
Petitioners,

v.

**WELLS FARGO BANK, N.A.,**
Respondent.

No. 4D16-1728

[July 6, 2016]

Petition for writ of mandamus to the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Joel T. Lazarus, Judge; L.T. Case No. 10-47953 CACE 11.

Peter J. Snyder of Peter J. Snyder, P.A., Boca Raton, for petitioners.

John D. Cusick of Phelan Hallinan Diamond & Jones, PLLC, Fort Lauderdale, for respondent.

PER CURIAM.

Petitioners Lorraine Campbell and Charles Lamm, the defendants in a pending residential mortgage foreclosure action, petition for a writ of mandamus, seeking review of the denial of their motion to dismiss. Petitioners contend that the Verified Second Amended Complaint of respondent, Wells Fargo Bank, N.A., does not comply with the certification requirements of section 702.015(4), Florida Statutes (2015), and Florida Rule of Civil Procedure 1.115(c). We deny the petition and conclude that a plaintiff's failure to meet the certification requirements is not a mandatory prerequisite to the filing of suit which can be enforced by mandamus.

The statute and rule at issue provide as follows:

(4) If the plaintiff is in possession of the original promissory note, the plaintiff must file under penalty of perjury a certification with the court, contemporaneously with the filing of the complaint for foreclosure, that the plaintiff is in possession of the original promissory note. The certification

must set forth the location of the note, the name and title of the individual giving the certification, the name of the person who personally verified such possession, and the time and date on which the possession was verified. Correct copies of the note and all alonges to the note must be attached to the certification. The original note and the alonges must be filed with the court before the entry of any judgment of foreclosure or judgment on the note.

§ 702.015(4), Fla. Stat. (2015).

> **(c) Possession of Original Promissory Note.** If the claimant is in possession of the original promissory note, the claimant must file under penalty of perjury a certification contemporaneously with the filing of the claim for relief for foreclosure that the claimant is in possession of the original promissory note. The certification must set forth the location of the note, the name and title of the individual giving the certification, the name of the person who personally verified such possession, and the time and date on which the possession was verified. Correct copies of the note and all alonges to the note must be attached to the certification. The original note and the alonges must be filed with the court before the entry of any judgment of foreclosure or judgment on the note.

Fla. R. Civ. P. 1.115(c).

The Verified Amended Complaint in this case was filed in November 2014, after the 2013 legislation enacting section 702.015(4), Florida Statutes. Ch. 2013-137, § 8, Laws of Fla. ("In addition, the Legislature finds that s. 702.015, Florida Statutes, as created by this act, applies to cases filed on or after July 1, 2013. . . ."). The Florida Supreme Court's adoption of rule 1.115 followed. *See In re Amendments to Florida Rules of Civil Procedure*, 153 So. 3d 258, 259 (Fla. December 11, 2014) (creating rule 1.115, "effective as to cases filed on or after July 1, 2013," that is, immediately upon the release of the court's opinion).

In closed case number 4D15-2601, petitioners previously sought a writ of certiorari to quash, on the same grounds, the denial of their prior motion to dismiss the Verified First Amended Complaint. By unpublished order, this Court dismissed that petition for failure to establish material harm that could not be adequately remedied on appeal. *See, e.g., Donado v. PennyMac Corp.*, 174 So. 3d 1041, 1042 (Fla. 4th DCA 2015) (reversing a

final foreclosure judgment where the trial court erred in denying a motion to dismiss the initial complaint which did not comply with the verification requirement of Florida Rule of Civil Procedure 1.110(b), a predecessor to rule 1.115).

In 2015, respondent filed the Verified Second Amended Complaint, and petitioners again moved to dismiss, alleging respondent had failed to certify its possession of the original promissory note and provide the information required by the statute and rule. The trial court denied the motion to dismiss, and petitioners have returned to this Court, now seeking a writ of mandamus.

Petitioners contend that mandamus "may be issued to enforce compliance with a mandatory rule." *Genuine Parts Co. v. Parsons*, 917 So. 2d 419, 421 (Fla. 4th DCA 2006) (granting mandamus to enforce Florida Rule of Civil Procedure 1.440(c), which prohibits the setting of a trial less than thirty days after service of a notice for trial); *see also Gawker Media, LLC v. Bollea*, 170 So. 3d 125, 129-30 (Fla. 2d DCA 2015) (granting mandamus to enforce rule 1.440 and holding that an appeal after final judgment would be insufficient to remedy the rule's provisions requiring a fifty-day hiatus between trial and service of the last pleading).

"Mandamus is a narrow, extraordinary writ used to coerce an official to perform a clear legal duty." *Sica v. Singletary*, 714 So. 2d 1111, 1112 (Fla. 2d DCA 1998). It "is a discretionary writ that is awarded, not as a matter of right, but in the exercise of a sound judicial discretion and upon equitable principles." *Haft v. Adams*, 238 So. 2d 843, 844 (Fla. 1970).

This Court in *Genuine Parts*, 917 So. 2d at 421, and our sister court in *Gawker Media*, 170 So. 3d at 130, recognized mandamus as a proper vehicle to enforce the time restrictions for the setting of a trial under rule 1.440. However, as explained in *Bollea*, "a trial court's obligation to hew strictly to the rule's terms is so well established that it may be enforced by a writ of mandamus compelling the court to strike a noncompliant notice for trial or to remove a case from the trial docket." 170 So. 3d at 130. In that context, the appellate remedy was deemed insufficient to remedy the right to not be subjected to trial in violation of the timing requirements of rule 1.440. *Id.*

Petitioners argue that mandamus has been used to enforce other mandatory procedural rules. *See Novartis Pharm. Corp. v. Carnoto*, 798 So. 2d 22 (Fla. 4th DCA 2001) (granting mandamus to enforce compliance with Florida Rule of Civil Procedure 1.490, which precludes reference of a matter to a magistrate without the consent of the parties); *Hicks v.*

*Chamberlin*, 710 So. 2d 993 (Fla. 4th DCA 1998) (granting mandamus to compel the trial court to hold a hearing as required by Florida Rule of Civil Procedure 1.610(d)).

However, these decisions do not support expanding this Court's extraordinary writ jurisdiction to review any non-final order where a party alleges failure to comply with a procedural rule. In *Novartis*, established precedent had recognized mandamus as a means to compel a trial court to exercise its clear ministerial duty to hear a matter that was not subject to referral to a magistrate. 798 So. 2d at 23 (citing *Hanor v. Hinckley*, 584 So. 2d 1129 (Fla. 4th DCA 1991)) (additional citations omitted). Likewise, in *Hicks*, the petition sought mandamus to compel the trial court to exercise its clear ministerial duty to hold a hearing required by law. 710 So. 2d at 993. As we have explained, "[c]entral to mandamus relief is the ministerial character of the compelled action[.]" *Bd. of Cty. Comm'rs Broward Cty. Fla. v. Parrish*, 154 So. 3d 412, 417 (Fla. 4th DCA 2014). "A duty or act is defined as ministerial when there is no room for the exercise of discretion, and the performance being required is directed by law." *Town of Manalapan v. Rechler*, 674 So. 2d 789, 790 (Fla. 4th DCA 1996).

Section 702.015(4) and rule 1.115(c) do not create a mandatory pre-suit requirement such that a trial court has only a ministerial duty to dismiss the complaint if a certification is not included. *Compare* § 702.015(4), *and* rule 1.115(c), *with* § 766.206, Fla. Stat. (2015) (incorporating mandatory language in "[p]resuit investigation of medical negligence claims and defenses by court"), *and* § 768.72, Fla. Stat. (2015) ("In any civil action, no claim for punitive damages shall be permitted unless there is a reasonable showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for recovery of such damages."). The certification requirement of the statute was not intended to be a prerequisite to suit but was instead intended to expedite the foreclosure process. § 702.015(1), Fla. Stat. (2015) ("The Legislature intends that this section expedite the foreclosure process by ensuring initial disclosure of a plaintiff's status and the facts supporting that status, thereby ensuring the availability of documents necessary to the prosecution of the case."). In fact, section 702.015(6) states that the court may sanction a plaintiff for failure to comply, which contradicts any argument that these are mandatory conditions precedent to suit or that the complaint must be dismissed for failure to comply, thus creating a mandatory, non-discretionary duty.

We deny the petition filed in this case, as the record does not reflect the trial court's refusal to perform a strictly ministerial duty. We adhere to our prior ruling that certiorari is also not appropriate.

*Petition denied.*

WARNER, DAMOORGIAN and KLINGENSMITH, JJ., concur.

\*     \*     \*

***Not final until disposition of timely filed motion for rehearing.***