PER CURIAM.
This is an appeal from a final order dismissing appellant’s mortgage foreclosure action without prejudice on the ground that the certification filed with the complaint failed to comply with section 702.015(4), Florida Statutes (2013). See Valcarcel v. Chase Bank USA NA, 54 So.3d 989, 990 (Fla. 4th DCA 2010) (“An order dismissing an action without prejudice and without granting leave to amend is a final appealable order.”). Appellant correctly argues that dismissal was improper because the certification executed by appellant’s counsel complied with the statute. Accordingly, we reverse and remand for reinstatement of the foreclosure action.
Section 702.015, Florida Statutes, provides in pertinent part:
(4) If the plaintiff is in possession of the original promissory note, the plaintiff must file under penalty of perjury a certification with the court, contemporaneously with the filing of the complaint for foreclosure, that the plaintiff is in possession of the original promissory note. The certification must set forth the location of the note, the name and title of the individual giving the certification, the name of the person who personally verified such possession, and the time and date on which the possession was verified. Correct copies of the note and all allonges to the note must be attached to the certification. The original note and the allonges must be filed with the court before the entry of any judgment of foreclosure or judgment on the note.
The certification that appellant was in possession of the original promissory note was not rendered defective because it was filed by appellant’s attorney.* While section 702.015(4) requires the plaintiff to file a certification that the plaintiff is in possession of the original promissory note, it does not preclude the plaintiffs attorney from being the “individual giving the certification” or “the person who personally verified such possession.” “Generally, an attorney serves as agent for his client; the attorney’s acts are the acts of the principal, the client.” Andrew H. Boros, P.A. v. Arnold P. Carter, M.D., P.A., 537 So.2d 1134, 1135 (Fla. 3d DCA 1989). Appellant’s attorney, as the agent of appellant, was entitled under the statute to certify that appellant was in possession of the original note based on counsel’s review of the collateral file, which contained the original note and was provided to counsel in connection with legal proceedings to enforce the note. Because the certification complied with section 702.015(4), we reverse the order of dismissal and remand for reinstatement of the foreclosure action.
REVERSED and REMANDED.
LEWIS, WETHERELL, and JAY, JJ., concur.

 Even if the certification was defective, the filing of the certification is not a prerequisite to suit such that any defect in the certification would require dismissal of the complaint. See Campbell v. Wells Fargo Bank, N.A., 204 So.3d 476, 479, 41 Fla. L. Weekly D1560, D1561, 2016 WL 3611036 (Fla. 4th DCA July 6, 2016) (“The certification requirement of the statute was not intended to be a prerequisite to suit but was instead intended to expedite the foreclosure process.”).