NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


BELTWAY CAPITAL, LLC,        )
        )
    Appellant,        )
        )
v.        )   Case No. 2D16-437
        )
NIGEL LUCOMBE; CIRCLE TRUSTEE        )
COMPANY INC.; and MORTGAGE        )
ELECTRONIC REGISTRATION        )
SYSTEMS, INC., as nominee for        )
First Franklin, a division of        )
National City Bank,        )
        )
    Appellees.        )
_____)

Opinion filed February 17, 2017.

Appeal from the Circuit Court for
Hillsborough County; Perry A. Little, Senior
Judge.

Manuel Farach of McGlinchey Stafford,
Fort Lauderdale, for Appellant.

Adam J. Knight, Laura L. Whiteside,
and Matthew A. Kassel of Hicks
Knight, P.A., Tampa, for Appellees
Nigel Lucombe and Circle Trustee
Co., Inc.

No appearance for Appellee Mortgage
Electronic Registration Systems, Inc.


SLEET, Judge.

Beltway Capital, LLC (the bank), appeals the trial court's order dismissing its amended complaint without prejudice for failure to contain a verification pursuant to Florida Rule of Civil Procedure 1.110(b)[1] and denying its motion for leave to amend. Because the motion to dismiss was not properly noticed and the trial court abused its discretion in denying the bank's motion to amend the complaint, we reverse.

The bank's initial complaint for foreclosure against Nigel Lucombe contained a verification pursuant to rule 1.110(b). The bank subsequently filed an amended complaint but omitted the required verification. Lucombe filed a motion to dismiss challenging, among other things, the bank's failure to comply with rule 1.110(b). The trial court denied the motion; Lucombe then filed an answer and affirmative defenses but did not again challenge the missing verification. On the morning of trial, Lucombe orally moved to dismiss arguing that by failing to attach a verification to its complaint, the bank had failed to state a cause of action for foreclosure. Lucombe contended that he could raise this motion without prior notice and on the morning of trial pursuant to rule 1.140(h)(2). The trial court granted the motion to dismiss and denied the bank's motion to amend, finding that the bank's failure to verify the amended complaint was a fatal defect not capable of being corrected by amendment. The bank now appeals from this order. We have jurisdiction. See Fla. R. App. P. 9.030(b)(1)(A); Valcarcel v. Chase Bank USA NA, 54 So. 3d 989, 990 (Fla. 4th DCA 2010) ("An order

---

[1]Rule 1.110(b)'s verification requirement was added by the Florida Supreme Court in 2010. The supreme court amended the rule in 2014, moving the verification requirement from rule 1.110(b) to rule 1.115(e). The bank filed its first amended complaint on December 30, 2011.

dismissing an action without prejudice and without granting leave to amend is a final appealable order.").

We review a trial court's ruling on the sufficiency of a complaint de novo. See Donado v. PennyMac Corp., 174 So. 3d 1041, 1042 (Fla. 4th DCA 2015) ("Because appellants' issue pertains to the sufficiency of the initial complaint, the appropriate standard of review is de novo."). The bank was required to attach a verification to its complaint pursuant to rule 1.110(b) and section 702.015, Florida Statutes (2013). While a failure to include a verification may result in a dismissal without prejudice, the verification is not an element of a cause of action to foreclose on a note and mortgage. See Kelsey v. SunTrust Mortg., Inc., 131 So. 3d 825, 826 (Fla. 3d DCA 2014) ("[F]oreclosure plaintiffs must show: (1) an agreement, (2) a default, (3) an acceleration of debt to maturity, and (4) the amount due." (citing Ernest v. Carter, 368 So. 2d 428, 429 (Fla. 2d DCA 1979))); see also Campbell v. Wells Fargo Bank, N.A., 204 So. 3d 476, 480 (Fla. 4th DCA July 6, 2016) (holding that compliance with the verification requirement is not a "mandatory condition[] precedent to suit" and that the trial court has discretion whether to dismiss the complaint for failure to comply). Accordingly, the bank's failure to include a verification pursuant to rule 1.110(b) is not a defense that may be raised at any time under rule 1.140(h).

A bank's failure to comply with rule 1.110(b) is subject to a motion to dismiss pursuant to rule 1.420(b), which provides that "[a]ny party may move for dismissal of an action or of any claim against that party for failure of an adverse party to comply with these rules or any order of court." Rule 1.420(b) requires that a notice of hearing on a motion to dismiss be served in accordance with rule 1.090(d), which mandates service of a copy of the motion and a notice of hearing on the motion "a

reasonable time before the time specified for the hearing."  Therefore, Lucombe was required to file and properly notice a motion to dismiss based on the bank's failure to comply with rule 1.110(b).  Indeed, Lucombe had filed such a motion, which the court denied.  While a trial court may reconsider an earlier ruling that it had made, under the circumstances here we conclude that it was improper for the trial court to hear and grant this oral motion on the morning of trial when the bank had not been properly noticed.

We also note that Lucombe's use of the verification requirement to delay a trial on the merits overlooks the legislature's intent in enacting section 702.015.  "The certification requirement of the statute was not intended to be a prerequisite to suit but was instead intended to expedite the foreclosure process."  Campbell, 204 So. 3d at 479-80 (citing § 702.015(1) ("The Legislature intends that this section expedite the foreclosure process by ensuring initial disclosure of a plaintiff's status and the facts supporting that status, thereby ensuring the availability of documents necessary to the prosecution of the case.")).  The verification requirement was also intended to avoid a waste of judicial resources.  See In re Amendments to the Fla. Rules of Civil Procedure, 44 So. 3d 555, 556 (Fla. 2010).  Allowing a defendant to ambush the plaintiff by waiting until the morning of trial to orally raise a motion to dismiss based on the verification requirement does not further this purpose; it only delays resolution of the foreclosure suit.  This court has previously held that objections to a party's compliance with a statutory verification requirement can be waived if not timely raised.  See, e.g., Martinez v. Abraham Chevrolet-Tampa, Inc., 891 So. 2d 579, 581 (Fla. 2d DCA 2004) (holding that a challenge to the verification of a complaint under section 760.11(1), Florida Statutes (2001), could be waived by failing to raise it at a time when the plaintiff "could have timely submitted an amended claim").

- 4 -

In this case, the trial court should have allowed the bank an opportunity to amend the complaint. The lack of a verification is not the kind of error that cannot be corrected by amendment. See Rivero v. Rivero, 111 So. 3d 233, 234 (Fla. 4th DCA 2013) ("The failure to verify a pleading which, by statute, is required to be verified does not constitute a jurisdictional defect; verification may be supplied by an amendment and relate back to the time the original unverified pleading was filed."). "Florida Rule of Civil Procedure 1.190(a) requires that leave to amend be freely given unless a party has abused the privilege to amend." Rohlwing v. Myakka River Real Props., Inc., 884 So. 2d 402, 406 (Fla. 2d DCA 2004) ("Because a dismissal with prejudice is the ultimate sanction in the civil justice system, it is reserved for the most aggravating circumstances."). Accordingly, we reverse and remand for the trial court to allow the bank to file an amended complaint that complies with rule 1.110(b).

Reversed and remanded with instructions.

CASANUEVA and SILBERMAN, JJ., Concur.