[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-12123
Non-Argument Calendar
_____

D.C. Docket No. 8:15-cv-00847-TGW

DANIEL D. DRAGASH,

Plaintiff-Appellant,

versus

FEDERAL NATIONAL MORTGAGE ASSOCIATION,
JP MORGAN CHASE BANK N.A.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(July 5, 2017)

Before ROSENBAUM, JULIE CARNES, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Daniel D. Dragash, proceeding *pro se*, filed this civil suit against Federal National Mortgage Association ("Fannie Mae") and JP Morgan Chase Bank, N.A. ("Chase"), seeking to void the mortgage and promissory note he executed in connection with the purchase of his home.  The district court dismissed Dragash's suit with prejudice for failure to state a viable claim for relief.  In this appeal, Dragash challenges the (1) denial of his motion to remand the case to state court, (2) the dismissal of his suit and the denial of leave to amend, and (3) the stay of discovery and other matters pending a ruling on the defendants' motion to dismiss.  After careful review, we affirm.

## I.

In December 2002, Dragash and his wife executed a mortgage and a promissory note in the amount of $229,000 in favor of Chase Manhattan Mortgage Corporation ("Chase Manhattan").  Later that month, on December 31, Chase Manhattan assigned its interest in the mortgage to Fannie Mae.  Three days after the assignment, Chase Manhattan recorded the mortgage in the Official Records of Sarasota County.  The assignment does not appear to have been recorded.  The copy of the note which Dragash filed in the district court bore a blank endorsement signed by an Assistant Secretary at Chase Manhattan.

2

In December 2014, Dragash brought this action in Florida state court against Fannie Mae and Chase.  No foreclosure action was pending at that time.[1] Dragash's allegations reflect that Chase is the current servicer of the loan while Fannie Mae holds the mortgage.  The defendants removed the action to federal district court on the basis of diversity jurisdiction.  Despite Dragash's attempts to have the case returned to state court, the district court found that it had subject-matter jurisdiction and denied his motion to remand.  Later, the parties expressly consented to have a magistrate judge exercise jurisdiction over the case and enter final judgment.  *See* 28 U.S.C. § 636(c).

Dragash filed the operative second amended complaint in October 2015, after the district court twice granted him leave to amend.  Raising various legal theories, Dragash alleged that Chase Manhattan improperly recorded a mortgage it did not own, that the Assistant Secretary who endorsed the note was not authorized to sign it, that the note was non-negotiable and therefore void, that the note was improperly securitized, that Chase violated its obligations regarding "force-placed" insurance, that Chase fraudulently claimed to have possession of the original note but would not let him inspect it, that Fannie Mae had been unwilling to produce the mortgage, and that, in a "financial reconciliation" statement Chase sent him, Chase claimed to have made payments that he in fact made.  Dragash asked the court to

---

[1] Chase brought a foreclosure action against Dragash in Florida state court in July 2012, but that case was dismissed in September 2013.

3

rule the note "void and non-negotiable" and the mortgage without force or effect, and to order the return of all payments he had made to the defendants.

The defendants moved to dismiss the second amended complaint with prejudice for failure to state a claim. The magistrate judge stayed discovery and postponed mediation pending a ruling on the motion to dismiss.

Ultimately, the magistrate judge granted the defendants' motion to dismiss. In a comprehensive order, the magistrate judge reviewed each of Dragash's claims and their supporting allegations and concluded that Dragash had failed to plead a plausible claim for relief. The magistrate judge also found that granting Dragash leave to file a fourth complaint would be futile, noting that Dragash had tried to file a viable complaint three times, that he had been warned that additional amendments would be disfavored, and that his allegations did not show that there was any viable claim he could allege. Therefore, the magistrate judge dismissed Dragash's second amended complaint with prejudice.

Dragash moved the court to reconsider its ruling under both Rule 59(e) and Rule 60(b)(1) of the Federal Rules of Civil Procedure. The magistrate judge denied Dragash's motions, finding no basis to reconsider the ruling or to reopen the case. Dragash now appeals.

4

## II.

Dragash first argues that the district court erred in denying his motion to remand and violated his due process rights as a result.  We review *de novo* the denial of a motion to remand to state court.  *Henderson v. Washington Nat'l Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006).  A defendant may remove a case from state court to federal court when the federal court has original jurisdiction over the case.  *See* 28 U.S.C. § 1441(a).  One basis for removal is diversity jurisdiction, which exists if the action is between citizens of different states and the amount in controversy exceeds $75,000.  *See* 28 U.S.C. § 1332(a)(1).

Here, the district court did not err in denying Dragash's motion to remand. The district court properly found that it had diversity jurisdiction, which Dragash does not contest.  And the court properly rejected Dragash's arguments for remand.

First, Dragash's case does not present "exceptional circumstances" that would warrant abstention on grounds of comity.  *See Cty. of Allegheny v. Frank Mashuda Co.*, 360 U.S. 185, 188–90 (1959).  Second, even assuming that the notice of removal was not timely filed, the untimeliness of removal is merely a procedural defect which, because the court had diversity jurisdiction at the time the judgment was entered, "is an insufficient basis to vacate the judgment." *Moore v. N. Am. Sports, Inc.*, 623 F.3d 1325, 1329–30 (11th Cir. 2010).  Third, the Securities Act did not prevent removal in this case because Dragash's state-court

5

action did not allege any violations of the Securities Act that would trigger 15 U.S.C. § 77v's prohibition on removal. Finally, the fact that there is little federal law on foreclosure matters is irrelevant because a district court sitting in diversity applies state substantive law. *See Royalty Network, Inc. v. Harris*, 756 F.3d 1351, 1357 (11th Cir. 2014) ("It is well established that when a federal court considers a case that arises under its diversity jurisdiction, the court is to apply state substantive law and federal procedural law.").

For these reasons, we affirm the denial of Dragash's motion to remand.

## III.

Dragash next challenges the dismissal of his second amended complaint and asserts that he should have been given leave to amend his complaint again. He maintains that the defendants do not have the legal authority to enforce the underlying obligation reflected in the promissory note. He also contends that the court improperly applied the heightened pleading requirements of Rule 9(b), Fed. R. Civ. P., to some of his claims, and ignored some of his legal citations and his requests for judicial notice.[2]

---

[2] Dragash also asserts that the magistrate judge lacked authority to enter the final order dismissing his complaint. While a magistrate judge ordinarily is not authorized to rule on dispositive matters, such as a motion to dismiss, *see* 28 U.S.C. § 636(b)(1), a magistrate judge may do so where, as here, the parties have consented to the exercise of jurisdiction by the magistrate judge, *see id.* § 636(c). Because Dragash and the defendants consented to the magistrate judge's jurisdiction, the magistrate judge was authorized to rule on the defendants' motion to dismiss.

We review *de novo* the grant of a motion to dismiss for failure to state a claim under Rule 12(b)(6), Fed. R. Civ. P., accepting as true the allegations in the complaint and construing them in the light most favorable to the plaintiff. *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1288 (11th Cir. 2010). Likewise, we review *de novo* the denial of leave to amend based on futility, which is a legal conclusion. *Mizzaro v. Home Depot, Inc.*, 544 F.3d 1230, 1236 (11th Cir. 2008).

To survive a Rule 12(b)(6) motion to dismiss, a complaint must allege sufficient facts to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The "facts" for purposes of this inquiry do not include legal conclusions or naked assertions devoid of further factual enhancement. *Id.* "A claim is facially plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Factual allegations that do not permit the court to infer more than the mere possibility of misconduct are insufficient. *Am. Dental Ass'n*, 605 F.3d at 1290. When a plaintiff alleges fraud or mistake, he or she must also meet the "heightened pleading standard" of Rule 9(b), Fed. R. Civ. P., which requires greater specificity. *See id.* at 1291 (listing the requirements).

Although we liberally construe the filings of *pro se* parties, we may not act as "*de facto* counsel." *Campbell v. Air Jam. Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014). Moreover, issues not briefed on appeal, even by *pro se* litigants, are

considered abandoned. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008). An appellant "abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority." *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir.2014). We also do not address arguments raised for the first time in a *pro se* litigant's reply brief. *Timson*, 518 F.3d at 874.

Initially, we find that Dragash's opening brief on appeal fails to address the substance of the district court's ruling on the merits of his claims. He repeats some of the allegations from his second amended complaint, cites in conclusory fashion to documents he filed in the district court, asserts that the note is void because it was endorsed in blank and later transferred to a REMIC trust, and claims that at least one of his eight counts must have been viable. But beyond these broad and conclusory assertions, he has provided no argument or authority in support of his contention that the magistrate judge erred in dismissing his second amendment complaint. Accordingly, we conclude that Dragash has waived review of the substance of the magistrate judge's decision on appeal. *See Sapuppo*, 739 F.3d at 681. To the extent he addresses the substance of his claims in slightly more detail in his reply brief, those arguments come too late. *See Timson*, 518 F.3d at 874.

In any case, even if Dragash had properly challenged the magistrate judge's ruling on the merits, we would see no basis in the record to conclude that the

8

dismissal of his claims was erroneous.  Having reviewed the record and applicable case law, we agree with the magistrate judge that Dragash did not provide sufficient factual allegations, accepted as true, to state plausible claims for relief. *See Iqbal*, 556 U.S. at 678.  Dragash's allegations at best merely hint at the possibility of misconduct, which is insufficient to survive a motion to dismiss. *See Am. Dental Ass'n*, 605 F.3d at 1290.

In Count 1, Dragash alleged that Chase Manhattan's recordation of the mortgage after it had been assigned to Fannie Mae violated Fla. Stat. § 817.535(8)(a) and slandered his title.  Section 817.535(8)(a) authorizes a civil cause of action for "[a]ny person adversely affected by an instrument filed in the official record which contains a materially false, fictitious, or fraudulent statement or representation[.]"  A claim for slander of title requires showing that, among other things, a published falsehood "play[ed] a material and substantial part in inducing others not to deal with the plaintiff."  *McAllister v. Breakers Seville Ass'n, Inc.*, 981 So. 2d 566, 573 (Fla. Dist. Ct. App. 2008).

The magistrate judge properly concluded that Dragash's conclusory allegations failed to state a claim under § 817.535(8)(a) or for slander of title. Dragash did not identify any falsehood or misrepresentation in the mortgage or note itself, nor did he explain how he had been harmed by the recordation of the mortgage or the failure to record the assignment.  For instance, Dragash did not

9

allege that Chase's actions induced others not to deal with him.  Regardless of whether Rule 9(b)'s heightened pleading requirements applied, Dragash's allegations are insufficient to state a claim for relief under the general standards applicable to reviewing a motion to dismiss under Rule 12(b)(6).

In Count 2, Dragash alleged that the note was void because the Chase Manhattan employee who endorsed the note was not authorized to sign it.  Dragash relied on Fla. Stat. § 692.01, which was enacted "to allow corporations, through their presidents or vice-presidents, to execute instruments conveying an interest in land without obtaining a corporate resolution."  *Ocean Bank of Miami v. Inv-Uni Inv. Corp.*, 599 So. 2d 694, 695 (Fla. Dist. Ct. App. 1992).  But we agree with the magistrate judge that § 692.01 was inapplicable because neither the note nor the mortgage conveyed Chase's interest in land.  *See id.*  Accordingly, § 692.01 did not render the Assistant Secretary's signature unauthorized.  *Cf. Riggs v. Aurora Loan Servs., LLC*, 36 So. 3d 932, 933 (Fla. Dist. Ct. App. 2010) (holding that a signature on a promissory note by an agent of the endorser was sufficient to constitute a blank endorsement which allowed the note to be transferred by possession alone).  To the extent Dragash alleged that the signature was fraudulent in some way, the magistrate judge did not err in finding that he failed to allege fraud with the particularity required by Rule 9(b).

10

In Count 3, Dragash averred that the note was non-negotiable and therefore void. But as the magistrate judge explained, Florida courts generally have found promissory notes secured by a mortgage to be negotiable. *See, e.g.*, *Harvey v. Deutsche Bank Nat'l Trust Co.*, 69 So. 3d 300, 303–04 (Fla. Dist. Ct. App. 2011) (describing promissory notes as a type of negotiable instrument); *Taylor v. Deutsche Bank Nat'l Trust Co.*, 44 So.3d 618, 622 (Fla. Dist. Ct. App. 2010) ("[A] promissory note is a negotiable instrument."). And Dragash failed to identify any provision in the promissory note that would render it non-negotiable under Florida law. Provisions requiring the payment of late fees and "other charges" do not render a note non-negotiable under Florida law. *See* Fla. Stat. § 673.1041(1). Nor did Dragasah provide any grounds for concluding that the note would be void even if it were non-negotiable.

As for Count 4, Dragash's allegations of improper securitization are no more than naked assertions of wrongdoing without any factual development or legal support. The magistrate judge did not err in dismissing this count.

In Count 5, Dragash alleged that Chase had failed to comply with its obligations relating to "force-placed" insurance under 12 U.S.C. § 2605(k)(1)(A)(2) and 24 C.F.R. § 3500.17(k)(2). "Force-placed" insurance refers to insurance that is obtained by a servicer of a federally related mortgage. The servicer may not obtain such insurance unless "there is a reasonable basis to

believe that the borrower has failed to comply with the loan's contract requirements to maintain property insurance."  12 U.S.C. § 2605(k)(1)(A)(2).

Here, however, Dragash's allegations do not reflect that Chase obtained force-placed insurance.  Instead, his allegations indicate that Chase was making unnecessary premium payments to Dragash's insurance carrier.  The payments were unnecessary because Dragash was in fact making those same payments. Dragash also failed to identify how he was damaged by Chase's actions, an essential element of a claim based on a violation of the force-placed insurance provisions of the Real Estate Settlement Procedures Act ("RESPA").  *See Renfroe v. Nationstar Mortg., LLC*, 822 F.3d 1241, 1246 (11th Cir. 2016) (holding that to state a claim for a RESPA violation, the plaintiff must allege that he suffered actual damages as a result of the violation).  Accordingly, the magistrate judge properly found that Dragash failed to state a claim for a RESPA violation.

In Count 6, Dragash alleged that, at some point in 2012, one of Chase's prior attorneys had claimed to be in possession of the original note but had refused to produce it or to allow him to inspect it.  These allegations, as the magistrate judge found, fail to set forth a claim for fraud that would entitle him to the return of all mortgage payments he had made.  And contrary to Dragash's contention, Fla. Stat. § 702.015 does not require the defendant to produce the note or mortgage on

demand.  *See Campbell v. Wells Fargo Bank, N.A.*, 204 So. 3d 476, 479–80 (Fla. Dist. Ct. App. 2016).

Count 7, in which Dragash asserted that, by failing to produce a copy of his original note, Fannie Mae denied the existence of his mortgage and thus rendered it void, fails to allow the court to draw a reasonable inference that Fannie Mae committed any wrongdoing.  *See Iqbal*, 556 U.S. at 678.

Finally, in Count 8, titled "QWR – Accounting Violations," Dragash alleged that on September 15, 2015, Chase provided him with a financial reconciliation statement in which Chase claimed to have paid for taxes and insurance premiums that Dragash in fact paid. We find that these allegations do not state a claim for relief because Dragash failed to allege sufficient facts from which the court could plausibly find he had been damaged by Chase's actions.  *Id.*  Dragash did not seek any monetary damages but rather a declaration that Chase was inept and incompetent as a mortgage servicer and a cease-and-desist order preventing Chase from attempting to pay insurance premiums and taxes in the future.  The magistrate judge properly rejected these requests as without legal foundation and, with regard to the cease-and-desist order, problematic in a practical sense.  As the magistrate judge explained, ordering Chase not to pay insurance premiums or taxes on the property could lead to the property's not being insured from damage if at some point Dragash stops making insurance payments.

For these reasons, the magistrate judge did not err in concluding that Dragash's second amended complaint failed to state a plausible claim for relief.[3] Nor do we find error in the denial of leave to amend based on futility. While leave to amend ordinarily should be freely given, a district court need not grant even a *pro se* plaintiff leave to amend where amendment would be futile. *See Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007). Here, Dragash had been granted two opportunities to amend, and we share the magistrate judge's belief that he would not have been able to state a viable claim if leave to amend had been granted. *See id.*

## IV.

Dragash's final contention is that the magistrate judge improperly stayed discovery and postponed mediation pending a ruling on the defendants' motion to dismiss. We review a district court's discovery decisions, including the entry of a protective order, for an abuse of discretion. *Liese v. Indian River Cnty. Hosp. Dist.*, 701 F.3d 334, 342 (11th Cir. 2012); *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1315 (11th Cir. 1999). "[D]istrict courts enjoy broad discretion in deciding

---

[3] In passing, Dragash asserts that the magistrate judge failed to consider his requests for judicial notice. But courts generally are limited "to reviewing what is within the four corners of the complaint on a motion to dismiss." *Bickley v. Caremark RX, Inc.*, 461 F.3d 1325, 1329 n.7 (11th Cir. 2006). And most of the facts and materials he submitted were not proper for judicial notice. *See Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278–80 (11th Cir. 1999). Nor does Dragash explain how the information was relevant to the determination of the viability of the second amended complaint. Accordingly, the magistrate judge did not err.

14

how best to manage the cases before them." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997).

Here, the magistrate judge did not abuse his discretion by putting discovery and other matters on hold pending a ruling on the viability of Dragash's claims.  In general, motions to dismiss for failure to state a claim "should be resolved before discovery begins."  *Id.*  Because the defendants' motion to dismiss was a matter that could, and did, resolve all the issues pending before the magistrate judge, it was not unreasonable to stay discovery and postpone mediation pending a ruling on the viability of his claims.

For all of the reasons stated, we affirm the dismissal of Dragash's lawsuit.

**AFFIRMED.**

15