# Third District Court of Appeal

## State of Florida

Opinion filed February 7, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-930
Lower Tribunal No. 16-10955
_____

**Argilio Diaz and America Diaz,**
Appellants,

vs.

**U.S. Bank, N.A., etc., et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Jacqueline Hogan Scola, Judge.

Rieger Law, P.L., and Thomas F. Rieger (Naples); Niles B. Whitten (Gainesville), for appellants.

Weitz & Schwartz, P.A., and Sarah T. Weitz, Steven C. Weitz, and Nathan L. Wood (Fort Lauderdale), for appellee U.S. Bank, N.A.; The Griffith Law Firm, P.A., and Derek R. Griffith, for appellee MHR Group, LLC.


Before ROTHENBERG, C.J., and EMAS and LUCK, JJ.

EMAS, J.

Argilio and America Diaz appeal (1) the February 7, 2017 final judgment of foreclosure (following trial) in favor of U.S. Bank, N.A.;[1] (2) the April 20, 2017 order denying the Diazes' motion for rehearing of the final judgment; (3) the April 20, 2017 order denying the Diazes' objection to, and motion to vacate, the foreclosure sale; and (4) the April 20, 2017 order granting third-party purchaser MHR Group, LLC's motion for certificate of title and writ of possession. We affirm in part and reverse in part.

As to the final judgment of foreclosure, we hold that the trial court erred in including attorney's fees and costs as a part of that judgment. Although U.S. Bank, prior to trial, filed affidavits attesting to the amount and reasonableness of the attorney's fees and costs incurred, U.S. Bank acknowledges that these affidavits were not introduced into evidence (assuming their admissibility at trial), and no testimony or evidence regarding attorney's fees and costs was presented at the trial. Under these circumstances, the trial court erred in including in the final judgment an award of attorney's fee and costs. See Wolkoff v. Am. Home Mortg. Servicing, Inc., 153 So. 3d 280 (Fla. 2d DCA 2014). As to the remaining issues raised by the Diazes against the final judgment, we affirm without further discussion,[2] and we also affirm the order denying the Diazes' motion for rehearing.

---

[1] U.S. Bank N.A. as Trustee on behalf of the holders of the J.P. Morgan Mortgage Acquisition Trust 2006-CH1Asset Backed Pass-Through Certificates Series 2006-CH1.

[2] See Beltway Capital, LLC v. Nigel Lucombe, 211 So. 3d 328 (Fla. 2d DCA

However, we reverse the order denying the Diazes' objection to, and motion to vacate, the foreclosure sale and the order granting MHR Group, LLC's motion for certificate of title and writ of possession. As U.S. Bank properly and commendably concedes, the trial court erred in denying the objection to and motion to vacate the sale and in ordering the clerk to issue the certificate of title, where the foreclosure sale was conducted on March 22, 2017, while the Diazes' motion for rehearing, directed to the final judgment, remained pending. Enforcement of the final judgment was suspended until the trial court disposed of the timely filed motion for rehearing directed to the final judgment. See 944 CWELT-2007 LLC v. Bank of Am., N.A., 194 So. 3d 470 (Fla. 3d DCA 2016); United Invs. Ltd. P'ship v. Resolution Tr. Corp., 566 So. 2d 370 (Fla. 3d DCA 1990); Hoffman v. BankUnited, N.A., 137 So. 3d 1039 (Fla. 2d DCA 2014).

In doing so, we decline the invitation of the third-party purchaser, MHR Group, LLC, to affirm on the basis that the Diazes did not act with reasonable diligence in securing a hearing and ruling on the motion for rehearing prior to the scheduled foreclosure sale date.

Instead, we would urge trial courts in these circumstances to ensure that any pending motion for rehearing has been resolved prior to the scheduled foreclosure

2017) (holding that section 702.015, Florida Statutes does not impose an additional element in a mortgage foreclosure cause of action); Campbell v. Wells Fargo Bank, N.A., 204 So. 3d 476 (Fla. 4th DCA 2016). See also Ortiz v. PNC Bank, N.A., 188 So. 3d 923 (Fla. 4th DCA 2016).

3

sale. This could be accomplished rather straightforwardly: when the trial court enters the final judgment of foreclosure (which judgment may include a specific date for the foreclosure sale), the trial court can also schedule a status conference to be held at least fifteen days from the date of the filing of the final judgment (i.e., the time within which a motion for new trial or rehearing must be served pursuant to Florida Rule of Civil Procedure 1.530(b)). If no motion for new trial or rehearing has been served by the time of the status conference, the scheduled foreclosure sale can proceed as scheduled. If a motion for new trial or rehearing has been served by that date, the trial court can consider and rule on the motion at that time and, if denied, the scheduled foreclosure sale can proceed as scheduled. If the motion cannot be disposed of at the status hearing, and further proceedings may extend beyond the scheduled foreclosure sale date, the trial court can reschedule the foreclosure sale to ensure that the motion is resolved prior to that rescheduled sale date.

We reverse the final judgment of foreclosure insofar as it contained an award of attorney's fees and taxable costs, and remand for entry of an amended final judgment. We affirm the final judgment in all other respects, and affirm the order denying the motion for rehearing. We reverse the order denying the Diazes' objection to, and motion to vacate, the foreclosure sale and the order granting MHR Group, LLC's motion for certificate of title and writ of possession and

4

directing issuance of the certificate of title and writ of possession. We remand with instructions for the trial court to set a new foreclosure sale date, and for further proceedings consistent with this opinion.