NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


VICTORIA L. LOWENSTEIN          )
JEFFREY B. LOWENSTEIN,          )
         )
    Appellants,          )
         )
v.          )       Case No. 2D16-4252
         )
U.S. BANK NATIONAL ASSOCIATION,          )
AS TRUSTEE FOR CREDIT SUISSE          )
FIRST BOSTON MBS HEAT 2004-4.          )
         )
    Appellee.          )
_____)

Opinion filed August 8, 2018.

Appeal from the Circuit Court for Pasco
County; William H. Burgess, II, Judge.

Dineen Pashoukos Wasylik and Jared
M. Krukar of DPW Legal, Tampa, for
Appellants.

Michele L. Stocker of Greenberg Traurig,
P.A., Ft. Lauderdale; and M. Hope Keating,
and Karusha Y. Sharpe of Greenberg
Traurig, P.A., Tallahassee, for Appellee.


KELLY, Judge.

Victoria[1] and Jeffrey Lowenstein appeal from the final judgment of foreclosure, the order denying their motion for rehearing and to set aside judgment, and the "Final Order on All Defendants' Motions."  We affirm the final judgment of foreclosure but reverse the portions of the Final Order that deny the objection to the foreclosure sale, the motion to vacate the October 22, 2015, foreclosure sale, and the motion to vacate the order directing the Clerk of Court to issue the certificate of title and disburse funds.

"It is well settled that a foreclosure sale cannot be held while a timely motion for rehearing is pending because enforcement of a final judgment is suspended by the filing of the rehearing motion."  944 CWELT–2007 LLC v. Bank of Am., N.A., 194 So. 3d 470, 471 (Fla. 3d DCA 2016); see also Hoffman v. BankUnited, N.A., 137 So. 3d 1039, 1039 (Fla. 2d DCA 2014) (setting aside the foreclosure sale of property because the sale was conducted while Hoffman's timely motion for rehearing was pending); Diaz v. U.S. Bank, N.A., 239 So. 3d 151, 152 (Fla. 3d DCA 2018), review denied, No. SC18-306, 2018 WL 2684471 (Fla. June 5, 2018) (holding that the mortgagors were entitled to vacation of the foreclosure sale that was conducted while the mortgagors' motion for rehearing of the foreclosure judgment remained pending).  Here, the foreclosure sale was conducted while the Lowensteins' motion for rehearing remained pending. Therefore, we reverse the Final Order and remand with instructions for the trial court to

---

[1]The appellants' counsel filed a suggestion of death informing this court that Victoria Lowenstein died on May 18, 2018.  Ms. Lowenstein's death does not affect the disposition of this appeal.  See Colucci v. Colucci, 309 So. 2d 67 (Fla. 2d DCA 1975); Variety Children's Hosp., Inc. v. Perkins, 382 So. 2d 331, 336 (Fla. 3d DCA 1980).

set a new foreclosure sale date and for further proceedings consistent with this opinion.

In all other respects, we affirm.

Affirmed in part; reversed in part with directions.


SILBERMAN and MORRIS, JJ., Concur.