# Third District Court of Appeal

## State of Florida

Opinion filed January 8, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-1359
Lower Tribunal No. 18-42082
_____

**Rosa M. Garcia, et al.,**
Appellants,

vs.

**Deutsche Bank National Trust Company, etc.,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Gina Beovides, Judge.

Valenzano Law, P.A., and Gabrielly Valenzano, for appellants.

Robertson, Anschutz, Schneid, Crane & Partners, PLLC, and David Rosenberg (Boca Raton), for appellee.

Before EMAS, GORDO and LOBREE, JJ.

PER CURIAM.

This case arises out of a foreclosure complaint filed by Deutsche Bank National Trust Company against Rosa M. Garcia, Miguel Valenzano, and Omaira Valenzano (Appellants), and included a count to reestablish a lost note. Following a nonjury trial, the trial court entered a final judgment of foreclosure.

Appellants challenge the final judgment, raising several arguments, most of which center around the trial court's determination that Deutsche Bank had standing to bring the foreclosure action. Upon our review,[1] we find no merit in these arguments or any of the additional claims raised on appeal. See Deakter v. Menendez, 830 So. 2d 124, 127 (Fla. 3d DCA 2002) ("There is no requirement that [plaintiff] prove exactly how he lost possession of the note . . . ."); Boumarate v. HSBC Bank USA, N.A., 172 So. 3d 535, 537 (Fla. 5th DCA 2015) (noting that there is no requirement that the bank establish "exactly when, how, and by whom the note was lost."); Beltway Cap., LLC v. Nigel Lucombe, 211 So. 3d 328, 330 (Fla. 2d DCA 2017) ("The certification requirement of the statute was not intended to be a prerequisite to suit but was instead intended to expedite the foreclosure process.") (quoting

---

[1] We review the trial court's factual findings for an abuse of discretion, see Liu v. Univ. of Miami, 388 So. 3d 126 (Fla. 3d DCA 2023), and the question of standing de novo. See Katha, LLC v. SHEDDF3-AE, LLC, 394 So. 3d 707, 709 (Fla. 3d DCA 2024).

2

Campbell v. Wells Fargo, N.A., 204 So. 3d 476, 479-80 (Fla. 4th DCA 2016)); § 702.015(1), Fla. Stat. (2018) ("The Legislature intends that this section expedite the foreclosure process by ensuring initial disclosure of a plaintiff's status and the facts supporting that status, thereby ensuring the availability of documents necessary to the prosecution of the case.")  See also § 673.3011, Fla. Stat. (2018) (providing in pertinent part that the term "person entitled to enforce" an instrument means: "(1) The holder of the instrument; (2) A nonholder in possession of the instrument who has the rights of a holder; or (3) A person not in possession of the instrument who is entitled to enforce the instrument pursuant to s. 673.3091 or s. 673.4181(4)."); Wells Fargo Bank, N.A. v. Bricourt, 290 So. 3d 501, 503-04 (Fla. 4th DCA 2020) ("It is well established that 'a plaintiff in a foreclosure action must establish its standing both at the time the complaint was filed and when judgment is entered.' One way a foreclosure plaintiff may establish standing is by proving that the borrower's note is lost and that the plaintiff is entitled to enforce the lost note pursuant to section 673.3091, Florida Statutes.") (quoting Spicer v. Ocwen Loan Servicing, LLC, 238 So. 3d 275, 278-79 (Fla. 4th DCA 2018)) (additional citation omitted); § 673.3091(1), Fla. Stat. (2018) (providing a person not in possession of the instrument "is entitled to enforce the instrument if: (a) The person seeking to enforce the instrument was entitled

3

to enforce the instrument when loss of possession occurred . . . ; (b) The loss of possession was not the result of a transfer by the person or a lawful seizure; and (c) The person cannot reasonably obtain possession of the instrument because the instrument was destroyed, its whereabouts cannot be determined, or it is in the wrongful possession of an unknown person or a person that cannot be found or is not amenable to service of process.")

Affirmed.